179 So.2d 622 (1965)
The CITY OF MIAMI, a municipal corporation of the State of Florida, joined by Theodore A. Curtis, Appellants,
v.
FRANKLIN LESLIE, INC., a Florida corporation d/b/a Pat's Bar & Package Store, Hokes, Inc., a Florida corporation d/b/a Hokes Bar & Package Store, Thomas J. Scanlon d/b/a Marine Bar & Package Store, and Edward Adamski and Irene Adamski, his wife, d/b/a Capac Bar & Package Store, Appellees.
Nos. 65-234, 65-246.
District Court of Appeal of Florida. Third District.
November 2, 1965.
Rehearing Denied November 24, 1965.
John R. Barrett, City Atty., and Edward J. Fitzpatrick, Asst. City Atty., for City of Miami.
Edward J. Dirse, Coral Gables, for Curtis.
Robert J. Lewison, Miami, for appellees.
*623 Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
SWANN, Judge.
This is an appeal by the City of Miami and Theodore A. Curtis, defendants below, from a final decree invalidating a resolution of the Commission of the City of Miami, Florida, which granted the defendant, Curtis, a zoning variance to operate a liquor lounge on his premises.
The defendant Curtis operated a package store within the city limits of Miami. He applied for a variance to operate a liquor lounge thereon, inasmuch as the license was within twenty-five hundred feet of another liquor license and contrary to the zoning ordinance of the City. The Zoning Board denied the variance and an appeal was filed to the Commission of the City of Miami, which subsequently granted the variance.
The plaintiffs thereafter filed a suit for declaratory decree, alleging that they were competitors (only one was operating its liquor lounge business within twenty-five hundred feet) and requested the court to declare the resolution invalid and to enjoin its enforcement. After final hearing, the court invalidated the variance resolution and enjoined the operation of a liquor lounge on the premises in question.
At the first hearing before the Commission, the following excerpts from the minutes reflect the only discussion by the Commission covering the question of the "hardship" involved herein:
* * * * * *
"Mr. Aronovitz made the following statement:
"`I move to deny the application. I feel that where distance requirements are involved, unless there is a hardship of some kind, that the requirements should be observed as set by law; and apparently there has been a package store at this location for ten years, and it has been accepted in the neighborhood during that time, and I don't believe we should extend that use.'"
* * * * * *
"Mrs. Wainwright stated she would second Mr. Aronovitz' motion to deny the application, and the Mayor instructed the Clerk to record a unanimous vote on the motion in the absence of any objections by any Commissioner; however after further discussion the motion and second were withdrawn and the action rescinded."
* * * * * *
At the second hearing, the only discussion concerning hardship is reflected in the following excerpts of the minutes of the Commission:
* * * * * *
"The application of Theodore A. Curtis for variance permit to allow liquor lounge (now operating as a package store only) at 2900 N.W. 17th Avenue, on Lots 9, 10 and 10A, Taunton Sub 3rd Rev., consideration of which was deferred at the meeting of June 3, 1964, was again presented to the Commission on an appeal from an adverse recommendation of the Planning Board.
"Mrs. Wainwright made the following statement:
"`I looked at this property; and I have consistently upheld our zoning requirements in respect to distance, but in this instance there is such a narrow distance problem involved, and I examined the surrounding neighborhood and could not see where this very slight waiving of the requirement would do violence, and on that basis I don't think I would have an objection if anybody wants to move it.'"
* * * * * *
Thereupon the variance resolution in question was introduced and passed unanimously.
*624 The resolution included a specific finding that "this Commission deems it advisable in the interest of the general welfare of the City of Miami to grant the variance requested on the ground that a refusal would result in practical difficulties and unnecessary hardship to the applicant * * *"
At the hearing before the trial court, the appellants did not offer any testimony whatsoever to uphold the validity of the ordinance but relied on cross-examination of the plaintiffs' witness and a failure of the plaintiffs to prove the material allegations of their complaint.
The appellants contend that the plaintiffs do not have "standing" to maintain this cause of action for a declaratory decree. In Keating v. State ex rel. Ausebel, Fla. 1965, 173 So.2d 673, the operator of a package liquor store located one block from a competitor which was the beneficiary of an order by the beverage director modifying revocation of a beverage license covering the competitive store, had standing to maintain a mandamus proceeding challenging the order. Any person whose rights and status are affected by a municipal ordinance or who is in doubt as to his rights and status thereunder may obtain a declaration of his rights and status. Banyan Cafeterias, Inc., #3 v. Faith Lutheran Church, Fla.App. 1962, 141 So.2d 5. The plaintiffs therefore had the right to institute and maintain this declaratory decree action.
Some exceptional and unique hardship to the individual landowner, unique to that parcel of property and not shared by property owners in the area, is an essential prerequisite to the granting of a "hardship" zoning variance. Elwyn v. City of Miami, Fla.App. 1959, 113 So.2d 849, cert. denied, Fla. 1959, 116 So.2d 773.
We find from an examination of the briefs and record that the trial court was correct in its decision. Under the circumstances there was an insufficient showing of a "hardship" in this case which was unique to the appellant as is required under the City of Miami Zoning Ordinance to justify the variance. Green v. City of Miami, Fla.App. 1958, 107 So.2d 390.
The final decree is therefore
Affirmed.