336 So.2d 371 (1976)
DEPARTMENT OF REVENUE, State of Florida, Appellant (Defendant),
v.
UNIVERSITY SQUARE, INC., et al., Appellee (Plaintiff).
No. BB-96.
District Court of Appeal of Florida, First District.
June 15, 1976.
Robert L. Shevin, Atty. Gen., and Harold F.X. Purnell, Asst. Atty. Gen., for appellant.
Marvin E. Barkin, Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellee.
MILLS, Judge.
This interlocutory appeal is from an order denying the Department's motion to dismiss University's complaint for lack of subject matter jurisdiction. The issue which is determinative of this appeal is whether the circuit court has jurisdiction of a declaratory judgment action contesting the legality of a documentary tax assessment by the Department of Revenue.
The Department assessed a documentary tax and penalty against University. After informal unsuccessful efforts to resolve the assessment, the Department issued a tax warrant and execution. University immediately filed a declaratory judgment action which resulted in this appeal.
The allegations of the complaint, together with the attached exhibits, sufficiently show final agency action by the Department.
Article V, Section 20, Constitution of the State of Florida, provides that until changed by general law, circuit courts shall have exclusive original jurisdiction in all cases involving legality of any tax assessment.
Under Section 26.012, Florida Statutes, circuit courts have exclusive original jurisdiction in all cases in equity and in all cases involving legality of any tax assessment.
Section 68.01, Florida Statutes, provides that when an assessment is made against a corporation and payment is refused because it is alleged that the assessment is illegal, the corporation may file an action in equity setting forth the alleged illegality, and the court has jurisdiction to decide the issue.
Section 120.73, Florida Statutes, provides that nothing in Chapter 120, Florida Statutes, shall be construed to repeal any provision of Florida Statutes which grants the right to a proceeding in a circuit court in lieu of an administrative hearing or to divest the circuit courts of jurisdiction to render declaratory judgments under the provisions of Chapter 86 Florida Statutes.
Section 120.73, Florida Statutes, clearly expresses the intent of the Legislature that circuit courts retain jurisdiction to determine *372 the legality of contested documentary tax assessments by way of declaratory judgment actions.
In response to the Department's argument, it is our opinion that there are no provisions in Chapter 120, Florida Statutes, which directly or by implication divest the circuit courts of their historical jurisdiction to determine the issues in contested documentary tax assessment actions. We are confident that had the Legislature intended to do this, it would have said so in specific language, and would have expressly repealed the inconsistent laws.
The interlocutory appeal is dismissed.
BOYER, C.J., and McCORD, J., concur.