PER CURIAM.
Appellant City of Naples Airport Authority (Authority) filed a complaint against the City of Naples (City) for a declaratory judgment as to which of the parties controls .land use at the Naples Municipal Airport. The trial court dismissed the complaint for lack of jurisdiction. We hold that the dismissal was proper because the Authority’s interest was not clearly made to appear on *49 the face of the complaint, but the dismissal should have been without prejudice.
The Authority alleged in its complaint that it is a body politic created by Chapter 69-1326, Laws of Florida. Chapter 69-1326, Section 4(o), Laws of Florida, empowers the Authority:
To exercise and perform all of the powers and perogatives [sic] conferred upon “political subdivisions” by chapter 333 Florida Statutes, with respect to the adoption, promulgation and enforcement of airport zoning regulations under the provisions of said chapter 333, Florida Statutes.
The complaint alleged that the Authority leases the airport premises from the City; that for many years, the City had issued building permits for the construction of all buildings authorized by the Authority despite the fact that the land upon which the airport is located was zoned single family residential by the City; that on August 8, 1977, Dean Steel Buildings, Inc. was refused a building permit for construction of a building at the airport; that on August 17, 1977, the Authority appealed the administrative determination, and that the City refused to issue the permit on the ground that the land upon which the building was proposed to be built was zoned residential; wherefore, the Authority sought a declaratory judgment determining who controls land use at the airport and whether the City has the power to deny building permits for the construction of buildings at the airport.
The City filed a motion to dismiss, which the trial court granted “for lack of jurisdiction.”
Circuit courts have jurisdiction to entertain actions for declaratory judgment under Chapter 86, Florida Statutes (1977). However, before such an action can be maintained, it must appear that the question raised is real and not theoretical and that the party raising it has a bona fide and direct interest in the result. Miami Water Works Local No. 654 v. City of Miami, 157 Fla. 445, 26 So.2d 194, 198 (1946).
We do not think the Authority has met this requirement. It has not alleged that the building for which Dean Steel Buildings, Inc. sought a permit was to be constructed at the Authority’s behest. Nor has it alleged that it has enacted, or intends in the near future to enact, airport zoning regulations, but is in doubt as to the validity or enforceability of such regulations. In short, it does not clearly appear on the face of the complaint that the Authority has such an interest in the subject matter in issue as to entitle it to a declaratory decree. Consequently, the trial court did not err in dismissing the complaint.
The dismissal, however, should have been without prejudice to the Authority to file an amended complaint alleging, if it can, a bona fide and direct interest in the issue it seeks to have resolved.
Accordingly, the order dismissing the Authority’s complaint is affirmed in part and reversed in part and the cause remanded for further proceedings not inconsistent with this opinion.
BOARDMAN, C. J., and RYDER and DANAHY, JJ., concur.