364 So.2d 24 (1978)
DEPARTMENT OF REVENUE, State of Florida, Petitioner,
v.
Honorable James E. JOANOS, Circuit Judge, Second Judicial Circuit, in and for Leon County, Florida, and NOS Corporation (Real Party in Interest), Respondents.
No. KK-334.
District Court of Appeal of Florida, First District.
October 16, 1978.
Rehearing Denied December 6, 1978.
Robert L. Shevin, Atty. Gen., and Cecil L. Davis, Jr., Asst. Atty. Gen., for petitioner.
Thomas J. Ellwanger, Tampa, for respondent NOS Corp.
BOOTH, Judge.
This cause is before us on Petition for Writ of Prohibition and response thereto. The petition alleges that the Circuit Court, Leon County, is without jurisdiction to consider respondent NOS Corporation's complaint for declaratory and injunctive relief challenging the validity of the proposed sales tax assessment because proceedings under Chapter 120, Florida Statutes, had already been had on the same matter. Those proceedings terminated, following a hearing under Florida Statute § 120.57, on February 7, 1978, with approval of the recommended order of the hearing officer that respondent pay sales tax, penalties and interest in the amount of $11,126.93. No appeal was taken from the final agency action.
On March 9, 1978, complaint was filed in the Circuit Court. Petitioner moved to dismiss, and, on denial of that motion, filed Petition for Writ of Prohibition here.
*25 Respondent NOS contends it was entitled to proceed in the Circuit Court under Florida Statute § 212.15(4), a statute in effect at the time this action was brought, which provides:
"If any taxpayer or person required by this chapter to remit taxes to the department shall feel aggrieved by any action of the department, he shall have the right within thirty days to appeal to the department for rehearing and reexamination and in support thereof may submit such data as may be relevant. All exceptions and objections to the actions of the department must be filed with the department in duplicate at least ten days prior to the date set for such rehearing and reexamination. If the department's decision is determined adversely to the taxpayer or person required by this chapter to remit to the department, such person shall have the right within thirty days from notice of such determination to have the department's determination reviewed in appropriate proceedings in the circuit court of Leon county, and in such review there shall be no presumption in favor of the department's findings."
Petitioner contends that the foregoing statute was repealed by implication by the 1974 revision of the Florida Administrative Procedure Act. Respondent points out that the statute remained on the books and was not expressly repealed by the Legislature until May 30, 1978, some two months after this litigation commenced.
Respondent also relies on § 120.73, which provides, in part:
"Nothing in this chapter shall be construed to ... divest the circuit court of jurisdiction to render declaratory judgments under the provisions of chapter 86 ..."
Respondent cites DOR v. University Square, Inc., 336 So.2d 371 (Fla. 1st DCA 1976) and DOR v. Estero Bay Development Corp., 336 So.2d 479 (Fla. 2nd DCA 1976) as cases involving use of suits for declaratory judgment to attack the validity of the tax assessments.
We hold that the Circuit Court has jurisdiction. There was no repeal by implication of § 212.15(4) and the remedy there provided is not excluded by prior administrative proceedings. The subsequent repeal of that statute did not operate to divest the court of jurisdiction. In truth, the question is not one of jurisdiction at all, but of policy, the policy being exhaustion of available administrative remedies prior to judicial intervention, as recently stated by the Florida Supreme Court in Gulf Pines Memorial Park v. Oaklawn Memorial Park, Fla., 361 So.2d 695, Opinion filed May 25, 1978:
"We need not review here in detail the extensive analyses of the relation between the administrative procedure act and the jurisdiction of the circuit courts embodied in the Willis[[1]] and Mitchell[[2]] decisions. Section 120.73 states that nothing in the administrative procedure act `shall be construed ... to divest the circuit courts of jurisdiction to render declaratory judgments under the provisions of chapter 86.' On the other hand, we have previously observed that if administrative agencies are to function and endure as viable institutions, courts must refrain from `promiscuous intervention' in agency affairs `except for most urgent reasons.' ... The determination of whether the circumstances of a particular controversy warrant judicial intervention, then, is ultimately one of policy rather than power, and it is to that policy question that the First District Court of Appeal has addressed itself in Willis and Mitchell." (e.s.)
Accordingly, the Petition is DENIED.
BOYER, Acting C.J., and MILLS, J., concur.
NOTES
[1] State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977).
[2] School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977).