PER CURIAM.
The appellant Southern Paving Company appeals from an agency order to pay additional sales tax on asphalt, based on an invoiced amount from Taft Asphalt, a wholly owned subsidiary. Southern claims that it paid the correct sales tax under § 212.06(l)(b), Florida Statutes, regarding manufacturing within a company for its own use. The Department of Revenue asserts that tax is due under § 212.05 because asphalt was sold from Taft to Southern as separate entities. We agree with the appellant that no additional sales tax is owed.
Southern incorporated its asphalt division under the name of Taft Asphalt and sold shares to Sloane Construction Company who agreed to provide outside management for the plant. This operation was not successful, and in 1974/75 Southern regained the stock and sole control of Taft. Southern’s comptroller maintained separate books for Taft, and whenever Taft provided asphalt to Southern, an invoice was made for the transfer with two figures. One figure was the “fabricated cost” which was the cost of materials used to make the asphalt; Southern paid a sales tax based on this amount. The other figure was the “inter-company transfer charge,” upon which Department’s auditor based his tax assessment. This figure was set arbitrarily by Southern’s comptroller for employees to use when pricing jobs in order to get a profit margin.
In November, 1977, the Taft books were merged into Southern’s records. The auditor approved of tax payment based on the fabricated cost from that time. It is unre-futed that the only change in November, 1977, was a merger of books and not a merger of the companies as the hearing officer stated in his recommended order. This mere change in the form of bookkeeping was the only basis for the auditor's distinction between the taxable amounts. This emphasis on revised bookkeeping form instead of the unchanging substance of the asphalt transfers is erroneous. Since the transfers were made in exactly the same way before the books were merged that the Department agrees was taxable under § 212.06(l)(b) after the merger, we find that Southern properly paid tax on the fabricated cost of materials prior to November, 1977, and no additional tax is due.
The Department argued that the transfers were taxable under § 212.05 as sales, and the hearing officer found that Taft received payment from Southern for *13 the asphalt transferred. We find no evidence of any consideration paid for the asphalt so as to constitute a sale as defined by § 212.02(2)(a).
Although we find that no additional tax is due based on the intercompany transfer charge, other tax assessments were made which were not subject to this appeal. We find it necessary, therefore, to address the issue of penalty tax assessment. This tax is discretionary, and we do not find that the Department abused its discretion. The auditor suggested a reduced penalty, and the hearing officer recommended that the entire penalty be withdrawn because “the assessment stems from honest and differing opinions.” The Department assessed the maximum 25% penalty under § 212.12(2). Modification is allowed by § 212.12(5) if the penalty would be too severe or unjust, but it is not mandated either by the statute or by the facts of this case.
We reverse the order assessing taxes based on the intercompany transfer charge, but affirm the penalty tax on other assessments.
MILLS, C. J., and SHAW, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.