McDONALD, Justice.
The Court accepted jurisdiction to review alleged conflict between Pioneer Oil Co., Inc. v. State Department of Revenue, 381 So.2d 263 (Fla. 1st DCA 1980), and Anderson v. State Department of Revenue, 380 So.2d 1083 (Fla. 3d DCA 1980), disapproved, 403 So.2d 397, (Fla.1981). Art. V, § 3(b)(3), Fla.Const. Although we consolidated these cases for oral argument, we choose to issue separate opinions. We approve the First District’s decision in Pioneer.
Section 206.87(1), Florida Statutes (Supp. 1978), imposes an eight-cent excise tax on each gallon of special fuel sold and makes dealers responsible for collecting the tax and remitting it to the state. Sales for home, industrial, commercial, agricultural, or marine purposes are specifically exempted from the tax levy. § 206.87(4)(a), Fla. Stat. (Supp.1978). Pioneer, a licensed dealer of fuels, sold special fuel to several unlicensed dual users,[1] but failed to comply with the Department of Revenue’s (DOR’s) rule 12B-5.03, Florida Administrative Code.[2] Specifically, Pioneer accepted improperly filled out resale certificates from its purchasers.
At an administrative hearing, Pioneer showed that the fuel was used for exempt purposes. Nevertheless, an administrative order issued, requiring payment of taxes, penalties, and interest. The First District affirmed the order, holding that in the absence of a properly executed blanket exemption and/or resale certificate the initial dealer remained responsible for collecting and remitting the tax.
In its petition for review, Pioneer claims that subsections (3) and (4) of rule 12B-5.03 improperly negate the statutory exemption and that, in promulgating and enforcing this record-keeping rule, DOR has exceeded its power. We disagree.
*1321 Exemptions contained in taxing statutes are special favors granted by the legislature and should be strictly construed against the taxpayers. State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529 (Fla. 1973); United States Gypsum Co. v. Green, 110 So.2d 409 (Fla.1959). Section 206.59(1), Florida Statutes (1977), gives DOR the power to make rules and regulations, with the force and effect of law, to govern the reports and accounts of all dealers in order to ascertain liability for the special fuel tax. DOR is also authorized to prescribe all forms upon which reports are to be made. § 206.14(1), Fla.Stat. (1977). Acting under the authority of these sections, DOR promulgated rule 12B-5.03.
We find that rule 12B-5.03 does not exceed DOR’s statutory power. Additionally, we agree with the district court that this rule does not impose a tax for failing to keep records. Chapter 206 imposes a tax on the sale of fuels and places on initial sellers the responsibility for collecting and remitting that tax. Rule 12B-5.03 sets out the method by which an initial seller can transfer this liability to a purchaser, whose use may or may not be exempt. By failing to follow the proper procedures, Pioneer retained its statutory responsibility.
We approve the decision of the First District Court of Appeal.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.

. Dual users have both taxable use and nontaxable consumption of special fuel.

. Fla.Admin.Code rule 12B-5.03 provides, in pertinent part, as follows:
[l](b) Every sale, use or consumption of motor fuel or special fuel is taxable under Chapter 206, F.S., unless such sale, use or consumption is specifically exempt. Any distributor or dealer who sells special fuel must maintain in his files a sales invoice which shows the date of sale, the customer’s name and address, type of special fuel sold, number of gallons, unit price per gallon, total sales price and on all taxable sales the tax separately stated. The exempt status of the transaction must be established by the distributor or dealer. Unless the distributor or dealer has obtained from the purchaser a resale or exemption certificate, the sales invoice, with respect to any sale for which exemption is claimed, must show the exempt purpose for which the special fuel was purchased, that the special fuel was not placed into the receptacle connected to the fuel supply system of a motor vehicle and that the special fuel was not purchased for resale or for a dual use. Any dealer of special fuel as defined in Rule 12B-5.05(2), who obtains from his purchaser a resale or exemption certificate and, in good faith, sells special fuel to such purchaser tax free shall not be required to collect from the purchaser any tax levied by Chapter 206, F.S. . . .
(2) A resale certificate is required from every dealer or distributor who purchases motor fuel or special fuel for resale. Otherwise, the dealer or distributor making the sale is required to collect and remit the tax to the department. . . .
(3) In cases where the purchaser has both taxable use and non-taxable consumption [dual use] of special fuel, and such purchaser is licensed as a dealer of special fuel, he shall furnish the dealer who makes the sale to him a resale or exemption certificate covering all of his purchases of special fuel... . Unless such purchaser is licensed as a dealer of special fuel and shall furnish the dealer making the sale to him with resale certificate, the dealer making the sale is required to collect and remit the tax to the department.
(4) A distributor or dealer shall refuse to accept a resale certificate, and shall collect the tax unless the purchaser has obtained a distributor's or dealer’s license from the Florida Department of Revenue and his license number is stated on the resale certificate.
(Emphasis supplied.)