457 So.2d 1057 (1984)
EAST NAPLES WATER SYSTEMS, INC., a Florida Corporation, Appellant,
v.
The BOARD OF COUNTY COMMISSIONERS OF COLLIER COUNTY, Florida, Appellee.
No. 83-1539.
District Court of Appeal of Florida, Second District.
June 6, 1984.
Rehearing Denied September 13, 1984.
*1058 James H. Siesky, P.A., Naples, for appellant.
R. Bruce Anderson, Asst. County Atty., Naples, for appellee.
RYDER, Acting Chief Judge.
East Naples Water Systems, Inc. (Water Systems) seeks review of a final order dismissing its suit with prejudice. We reverse.
Water Systems began operation of its water and sewage treatment facilities in Collier County in 1975. On December 21, 1976, the Board of County Commissioners of Collier County (Collier County) enacted Ordinance No. 76-71 which was titled as follows:
An Ordinance relating to regulation of water and sewerage systems and bulk water utilities in Collier County, Florida; providing for definition of terms used in the ordinance; authorizing the Board of County Commissioners to prescribe classes and conditions of service, to set rates and charges for services, to adopt rules and regulations for administering this ordinance, to grant franchises for water and sewerage systems, to prescribe conditions for such issuance, to evaluate property for rate purposes, to inspect utility property, to modify rates and charges, to invoke penalties and revoke franchises under certain conditions; requiring furnishing of service by such utilities; prohibiting rates and charges not approved as provided in this ordinance; providing exemptions and penalties; providing that this ordinance shall be applicable to all public utilities now or hereafter operating under a franchise granted by the Board of County Commissioners of Collier County; repealing laws in conflict; authorizing the County of Collier to expend public funds for a fire hydrant system and providing for the repayment by property owners of the cost thereof; providing an effective date.
In May 1982, Water Systems filed a complaint for declaratory and/or injunctive relief. In Count I, Water Systems alleged that Ordinance 76-71 addresses three subjects, thereby violating the Florida Constitution. In Count II, Water Systems alleged that Ordinance 76-71, in its title, provides that the ordinance applies to all utilities operating under a franchise granted by Collier County; however, the terms of the ordinance "appear to be possibly applicable to non-franchised utilities." It was alleged that the title did not sufficiently apprise the public of the purported scope of the ordinance, requiring that the ordinance be declared unconstitutional or be strictly construed to apply only to franchised utilities. In Count III, Water Systems challenged, inter alia, the "emergency" enactment of the ordinance. Water Systems alleged that no emergency actually existed. In Count IV, Water Systems alleged that Collier County "has, by inaction, unconstitutionally delegated its legislative authority to its Utility Director" and has failed to prescribe reasonable rules, *1059 regulations and procedures for franchise applicants.
In November 1982, the trial court ordered Water Systems to apply to Collier County for a rate increase, and ordered Collier County to hold a hearing and set Water Systems' "final rates." The court added that "the authority to set rates and collect revenues for utility services shall not be denied on the ground that the Board of County Commissioners has not previously granted a written franchise to the utility or to any of its predecessors." It was noted by the court that neither the rate increase proceedings nor the court's order shall be construed so as to prejudice Water Systems or waive Water Systems' rights to challenge Ordinance 76-71, or the applicability of the ordinance to Water Systems.
Collier County issued its water and sewer rate order concerning Water Systems in December 1982. No appeal was taken from that order.
In May 1983, Collier County filed a motion to dismiss Water Systems' complaint stating: "That the issue of the constitutionality of County regulation raised in Plaintiff Utilities Complaint is now moot, inasmuch as Plaintiff's application for review of its water and sewer rates was acted upon by the County on December 20, 1982, and Plaintiff has not appealed the County's decision."
After the trial court granted Collier County's motion to dismiss with prejudice, this appeal was filed.
Initially, we note that the validity of an ordinance may be tested in an action for declaratory relief. Robinson v. Town of Palm Beach Shores, 388 So.2d 314 (Fla. 4th DCA 1980); City of Miami v. Franklin Leslie, Inc., 179 So.2d 622 (Fla. 3d DCA 1965). Of course, the question raised must be "real and not theoretical" and the party raising it must have "a bona fide and direct interest in the result." City of Naples Airport Authority v. City of Naples, 360 So.2d 48 (Fla. 2d DCA 1978). The party raising the question also must have an actual, present and practical need for the declaration. May v. Holley, 59 So.2d 636 (Fla. 1952); Floyd v. Guardian Life Insurance Company of America, 415 So.2d 103 (Fla. 3d DCA 1982); Grable v. Hillsborough County Port Authority, 132 So.2d 423 (Fla. 2d DCA 1961).
Appellant's action for declaratory judgment seeks a declaration concerning the constitutionality of Ordinance 76-71 and a declaration of whether Collier County has the power to regulate appellant's rates. In testing the sufficiency of a complaint for declaratory judgment, the merits of a claim are not to be weighed; rather, the question before a trial court is whether the plaintiff is entitled to a declaration of rights at all. Tavares v. Allstate Insurance Co., 342 So.2d 551 (Fla. 3d DCA 1977); Jezek v. Vordemaier, 227 So.2d 69 (Fla. 4th DCA 1969); Hankins v. Title and Trust Company of Florida, 169 So.2d 526 (Fla. 1st DCA 1964).
Water Systems is entitled to proceed with its action for declaratory relief if only because the action would determine whether Water Systems is subject to the jurisdiction of the Board of County Commissioners of Collier County. While it is possible that appellant will not prevail on the merits of the complaint, the merits have not yet been addressed and cannot be addressed on the motion to dismiss which was before the trial court. On a motion to dismiss, the trial court looks to the four corners of the complaint; consideration of matters not disclosed by the complaint or by a prior pleading is reversible error. Ecological Science Corp. v. Boca Ciega Sanitary District, 317 So.2d 857 (Fla. 2d DCA 1975); H.E. Temples v. Florida Industrial Construction Co., Inc., 310 So.2d 326 (Fla. 2d DCA 1975).
We have considered the argument that this case is moot because Water Systems submitted a rate request to the Board of County Commissioners of Collier County. That argument is without merit. In his November 1982 order, the trial judge acknowledged that the rate application would not prejudice Water Systems nor waive Water Systems' rights to challenge Ordinance 76-71 or its applicability to Water Systems. In fact, there was no waiver of rights and the submission of the rate *1060 request and the decision not to appeal the County's order on the request were not admissions of Collier County's jurisdiction over Water Systems. The doctrine of mootness does not support the dismissal below. See Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957).
Collier County also has argued to this court that Ordinance 76-71 has been superceded (insofar as regulation of Water Systems' rates is concerned) by Ordinance 83-18. The County submits that enactment of the new ordinance highlights the mootness of the present dispute. This issue was not presented to the trial court and will not now be considered by this court. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981); Lipe v. City of Miami, 141 So.2d 738 (Fla. 1962). See Department of Revenue v. Joanos, 364 So.2d 24 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 467 (Fla. 1979).
We REVERSE the trial court's order dismissing the complaint. This case is REMANDED to the trial court for further proceedings consistent herewith.
SCHOONOVER and LEHAN, JJ., concur.