PER CURIAM.
Since plaintiff/appellant Marcelino Verdecía properly stated a claim for a declaratory judgment as to the constitutionality of sections 627.739, 627.730-.7405, Florida Statutes (1983), as applied to him, we find the trial court erred in ordering the dismissal of plaintiff’s second amended complaint with prejudice on the ground that plaintiff was wrong on the merits, i.e., that the aforementioned statutes were constitutional. See Durand v. Metropolitan Dade County, 472 So.2d 865 (Fla. 3d DCA 1985).
The well established rule for testing the “sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.” Durand v. Metropolitan Dade County, 472 So.2d at 866 (quoting Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445, 448 [Fla.1952]); East Naples Water Systems, Inc. v. Board of County Commissioners, 457 So.2d 1057 (Fla. 2d DCA 1984).
We note that defendant/appellee American Risk Assurance Company contends that the order of dismissal is sustainable on the ground that plaintiff’s second amended complaint was untimely filed. We find this contention to be without merit. Defendant’s remaining contention that plaintiff lacks standing to challenge the constitutionality of section 627.739 we leave for the trial court to consider upon remand.
Accordingly, the final order dismissing the complaint is reversed and the cause remanded.