THOMPSON, Judge.
American International Rent-A-Car of Florida, Inc. (American), the petitioners below, appeal a final order of the Department of Revenue (DOR) imposing a sales tax assessment on American for its failure to collect state sales tax on automobile rentals to federal employees who paid for the rentals with personal funds and were later reimbursed by the United States Government (Hereinafter “Government”). American contends that the legal incidence of the tax falls on the Government and that therefore no state sales tax is due on automobile rentals to federal employees who pay the rentals from personal funds and are reimbursed by the Government. We agree and reverse.
American is a rental car company operating in Florida.[1] This case arose out of notices of proposed assessments initially issued by DOR to American in 1977 for the years 1973-1976. After the parties engaged in lengthy negotiations, a final revised assessment was issued by DOR on June 25, 1980. On April 27, 1981, American filed a petition for a § 120.57(1) hearing seeking a determination of the validity of the assessment. Negotiations between the parties continued while the matter was pending before the Division of Administrative Hearings in an inactive status. In September 1984 the case apparently proceeded to an unreported final hearing. The parties submitted memoranda of law in support of their positions. From the mem-oranda it appears that two issues remained unresolved between DOR and American: (1) The taxability of car rentals by American to members of the general public, and (2), the taxability of American’s car rentals to Government employees pursuant to a contract between American and the United States Government, General Service Administration. The resolution of the first issue is not challenged on appeal. Therefore, the sole issue before this court is the propriety of the assessments on the rentals to Government employees.
The assessments were only for those transactions in which the Government employee paid for the rental with his or her *266 own personal cash, check or credit card and was later reimbursed. DOR does not contend that any sales tax is due on rentals by employees pursuant to a purchase order which is paid directly by the Government. In its memorandum American argued that such rentals to Government employees are exempt from any tax imposed by the State of Florida and that regardless of whether the rental was billed directly to the governmental agency or to an employee who would later be reimbursed, the rental was tax exempt. American pointed out that the contract between American and the Government prohibits the rental company from charging travelling employees any more than it could charge the Government by direct billing and that the employee was entitled to reimbursement under the contract. DOR argued that American contracted with the Government for its own advantage and that when a Government employee pays for a rental car with his or her own funds, the legal incidence of the state tax does not fall on the Government. Based on testimony apparently adduced at the final hearing DOR argued that, in an analogous situation, when state employees pay for car rentals on state business with their own funds, state tax is collected notwithstanding later reimbursement.
In his recommended order the hearing officer concluded the imposition of a tax on car rentals by American to Government employees was improper as the rental was a tax exempt transaction between the rental company and the Government. The hearing officer found that Government employees are deemed to be instrumentalities of the United States and not mere contractors. Accordingly, the recommended order concluded the assessment against American should be dismissed. The DOR filed exceptions to the recommended order and a proposed substituted order. The petitioners filed their response to the DOR exceptions.
On March 19, 1985, the Governor and Cabinet, sitting as head of the DOR, issued the final order appealed. The DOR rejected the hearing officer’s recommendations and found that American had failed to rebut the DOR’s prima facie showing that the rental of cars to Government employees was the rental of tangible personal property within the meaning of § 212.05, Fla.Stat. (1976). The DOR concluded that where the mere economic incidence of the tax, rather than the legal incidence, falls on the Government, immunity does not attach, and that reimbursement by the Government does not eliminate the fact that the transaction was made between American and an individual. Therefore, DOR concluded that immunity does not attach because the private taxpayer employee does not actually stand in the shoes of the Government. This appeal followed.
Before considering this appeal on its merits, we must determine the threshold question of whether this court has jurisdiction to review the final administrative order of assessment entered by the DOR by direct appeal pursuant to § 120.68, Fla. Stat., or whether this case falls in that class of tax assessment cases over which the circuit courts have exclusive jurisdiction. In Florida Export Tobacco Co., Inc. v. Department of Revenue, 510 So.2d 936 (Fla. 1st DCA), review denied 519 So.2d 986, 987 (Fla.1987), this court held that the circuit court had exclusive jurisdiction over the legality of tax assessments involving the refund of taxes paid pursuant to an assessment. That decision was explicitly limited to tax refund cases and reserved for future decision whether the pertinent sections of the Florida Constitution and Statutes discussed therein also gave circuit courts exclusive jurisdiction in non-refund cases where the legality of an assessment was challenged before payment of the taxes.
Chapter 81-178, § 1, Laws of Florida, amended § 26.012(2)(e), Fla.Stat., which provided the circuit court would have exclusive jurisdiction “In all cases involving the legality of any tax assessment or toll,” by adding “except as provided in s.213.19.” Chapter 81-178, § 11 created § 213.19, Fla. Stat., which was renumbered in statutory revision as § 72.011, Fla.Stat. (1981). Section 72.011 provides that a taxpayer may contest the legality of any assessment of tax, interest, or penalty under various *267 chapters by filing an action in circuit court, or alternatively, by filing a petition under the applicable provisions of Chapter 120. Although this section does explicitly confer concurrent jurisdiction for both circuit court and administrative proceedings in suits contesting the legality of any assessment of tax, interest or penalty, it specifically provides in subsection (6), “This section is not applicable to actions for refund of taxes previously paid.” Because Florida Export involved a refund claim, we do not consider that decision controlling on the issue presented in this case.
Nevertheless, there is a serious question as to whether this court has jurisdiction to review the merits of DOR’s final order of assessment pursuant to § 120.68(1), because Chapter 81-178, which provided for concurrent jurisdiction in the circuit court and in Chapter 120 proceedings, became effective October 1, 1981. The law specifically provided that it would be applicable to all actions initiated after its effective date. This proceeding was initiated April 27, 1981, prior to the effective date of Chapter 81-178, so the concurrency language of that statute is not expressly applicable. Notwithstanding this fact, we note that the Supreme Court of Florida and some of the district courts of appeal have reviewed the merits of both final judgments of the circuit courts, as well as final administrative orders determining the legality of tax assessments pursuant to § 120.68 appeals in administrative proceedings initiated prior to October 1, 1981. See e.g.: State Dept. of Revenue v. Anderson, 403 So.2d 397 (Fla.1981); Pioneer Oil Co., Inc. v. State Dept. of Revenue, 401 So.2d 1319 (Fla.1981); Department of Revenue v. Amrep Corp., 358 So.2d 1343 (Fla.1978); Southern Paving Co. v. State, Dept. of Revenue, 399 So.2d 11 (Fla. 1st DCA 1981); Department of Revenue v. University Square, Inc., 336 So.2d 371 (Fla. 1st DCA) cert. denied 342 So.2d 1101 (Fla.1976). The parties and the courts never questioned the jurisdiction to review these administrative orders pursuant to § 120.68. In view of the general acceptance without question after 1974 of the appellate court’s power to directly review such administrative orders, we believe the statutory provisions are sufficiently ambiguous to permit a construction that Chapter 120 as adopted in 1974 gave district courts of appeal jurisdiction to review certain administrative orders determining the legality of a tax assessmeht as an alternative to the jurisdiction of such claims in the circuit courts. Therefore, we conclude that we have jurisdiction to review the merits of the appealed order in this ease.
Addressing the merits of the appealed order, the Supremacy Clause of the United States Constitution, Article VI, Clause 2, precludes the state from levying a tax directly upon the United States. Therefore, the critical issue before us is whether the Government employees were acting as instrumentalities of the United States Government when paying for their rented vehicles such that the incidence of the tax would fall on the Government and thus preclude taxation of the transaction by the State of Florida. The United States Supreme Court has decided several cases which are pertinent to our decision in this case. The DOR contends United States v. County of Fresno, 429 U.S. 452, 97 S.Ct. 699, 50 L.Ed.2d 683 (1977) is dispositive. In that case, the United States Supreme Court held that the State of California could collect a property tax on the posses-sory interest of United States Forest Service employees in housing located in national forests and supplied to the employees by the forest service as a part of their compensation. The facts in the Fresno case are not at all similar to the facts in this case, and it is clearly not controlling. The more recent case of United States v. New Mexico, 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982) is of considerably more assistance. In this case the court found that contractors conducting business with the Government under an advance funding procedure were taxable entities independent of the United States such that the state use tax could be applied to the contractors without offending federal sovereignty as the contractors were not constituent parts of the government. U.S. v. New Mexico involves a claim of immunity assert *268 ed by various companies which contracted with the Federal Government to manage or construct and repair government-owned atomic laboratories located in New Mexico. Despite contractual arrangements which, inter alia, allowed the contractors to make purchases with drafts drawn on a special U.S. Treasury account, and despite the fact that the purchases passed directly from the vendor to the government, the court concluded that the contractors were not entitled to immunity as they could not be regarded as instrumentalities of the government. In arriving at this conclusion, the court analyzed the nature of the relationship between the contractors and the government and, most importantly, compared and contrasted the contractors’ relationship with that of a government employee. The court concluded that the differences between the two were “crucial”, and that unlike government employees, contractors could not properly be regarded as “constituent parts” of the Federal Government. Id. at 740, 102 S.Ct. at 1385-86. Although the court does not specifically so state, (because the issue was not before it), it seems clear that an employee is an “instrumentality” of the Government and is regarded as “standing in the government’s shoes,” “virtually an arm of the government,” “an integral part of the government,” and “incorporated into the government structure.” Reading only the portion of the U.S. v. New Mexico opinion which discusses the various factors considered in analyzing the contractors’ relationship with the government would seem to indicate that the factors in the instant case, particularly the employees’ use of their own money or credit subject to reimbursement, precludes immunity. However, the court clearly distinguished between the immunity of contractors and employees, saying:
In contrast to federal employees, then, Sandia and its fellow contractors cannot be termed “constituent parts” of the Federal Government. It is true, of course, that employees are a special type of agent, and like the contractors here employees are paid for their services. But the differences between an employee and one of these contractors are crucial. The congruence of professional interests between the contractors and the Federal Government is not complete; their relationships with the Government have been created for limited and carefully defined purposes. Allowing the States to apply use taxes to such entities does not offend the notion of federal supremacy.
Id. at 740-741, 102 S.Ct. at 1385-86. See also United States v. California State Bd. of Equalization, 650 F.2d 1127 (9th Cir.1981) affirmed 456 U.S. 901, 102 S.Ct. 1744, 72 L.Ed.2d 157 (1982).
The case sub judice involves the rental of cars pursuant to a Government contract made directly with American International by Government employees in the performance of their official duties. The employees were required to rent cars in accordance with this contract to be reimbursed by the Government for their actual car rental expenses. As stated by the United States Supreme Court in the U.S. v. New Mexico decision, the employees lare constituent parts of the Government. The incidence of the tax on the rental payments is on the Government as found by the hearing officer. DOR admits that if the rental was paid directly by the Government with a federal warrant pursuant to a purchase order the transaction would not be taxable, but this distinction is irrelevant as tax immunity does not depend upon the mechanics of payment, i.e., whether by direct billing to the U.S. Government, by U.S. Treasury draft, or by reimbursement to an employee who had paid American International. In each event, the economic and legal incidence of the transaction fell directly upon the Government.
The assessment violated the Supremacy Clause and therefore was improper. The final order of the DOR is REVERSED.
ZEHMER and BARFIELD, JJ., concur.

. Appellant Chestnut Fleet Rentals, Inc. is apparently a foreign corporation doing business in Florida which is related to American, a Florida corporation. Both appellants were petitioners in the proceedings below, but the resolution of the issues involving Chestnut Fleet Rentals is not challenged on appeal and, accordingly, Chestnut Fleet Rentals is not actually an interested party in this appeal despite being denominated an appellant in the notice of appeal.