365 So.2d 425 (1978)
Steven F. OSBORNE, Appellant,
v.
DELTA MAINTENANCE AND WELDING, INC., Appellee.
No. 78-1139.
District Court of Appeal of Florida, Second District.
December 15, 1978.
*426 C. Daniel Akes, Lakeland, for appellant.
Robert S. Edwards of Edwards, Sawyer & White, Plant City, for appellee.
PER CURIAM.
Steven F. Osborne appeals from an order dismissing his third amended complaint with prejudice. We reverse.
Osborne was employed by appellee Delta Maintenance and Welding, Inc. Delta offered a payroll deduction plan whereby its employees would be covered by health insurance. Osborne accepted and was enrolled in this plan, but after being hospitalized for an appendicitis attack, he discovered that the health insurance had been cancelled because Delta had not paid the premium. Delta had, however, continued to make payroll deductions from Osborne's pay for the insurance.
Osborne filed suit against Delta seeking compensatory and punitive damages of over $2,500. Thereafter Osborne voluntarily amended the complaint twice. Delta moved to dismiss the second amended complaint because Osborne had failed to allege a legal remedy entitling him to damages and had *427 failed to allege sufficient facts substantiating conversion. After hearing this motion the trial judge dismissed the complaint with leave to amend. Thereafter Osborne filed his third amended complaint. Delta again moved to dismiss, this time asserting that Osborne had failed to allege a cause of action based upon fraud or misrepresentation. After a hearing, the trial court dismissed Osborne's third amended complaint with prejudice. Osborne appeals from this order.
Unfortunately, we do not know the judge's reason for dismissing with prejudice because the hearing on the last motion to dismiss was not reported. An examination of the complaint leads us to conclude that it does state a cause of action for breach of contract. In its brief, Delta has suggested that the actual damages arising from its alleged failure to pay insurance premiums are below the jurisdictional amount for the circuit court. There are no allegations in the complaint to support that contention and we may not consider it. Even if that were true, a better course of action would have been for the trial judge to transfer the action to county court rather than to dismiss it with prejudice. See Fla. R.Civ.P. 1.060(a).
We do agree that the third amended complaint does not state a cause of action for fraud. The elements of fraud are: 1) a false statement of fact; 2) known by the defendant to be false when made; 3) made for the purpose of inducing plaintiff to act in reliance; 4) relied upon by the plaintiff; and 5) resulting damage. See Beagle v. Bagwell, 169 So.2d 43 (Fla.1st DCA 1964); W. Prosser, Handbook of the Law of Torts, Sec. 105 (4th ed. 1971).
Osborne's complaint fails to allege that Delta knew that the payroll deductions were not being applied to pay Osborne's health insurance. Therefore, even if the allegations of the complaint are true, they do not exclude the possibility that Delta's failure to pay the insurance premiums was due to inadvertence or negligence.[1] Although the complaint fails to allege the necessary elements of fraud, the court should have allowed Osborne the opportunity to amend. Leave to amend should not be denied unless the privilege has been abused or the complaint is clearly not amendable. Matthews v. Matthews, 122 So.2d 571 (Fla.2d DCA 1960). Nothing in the record before us indicates that Osborne was apprised that his complaint failed to allege fraud until Delta's motion to dismiss the third amended complaint.
Accordingly, the cause is reversed and remanded for further proceedings consistent with this opinion.
GRIMES, C.J., and HOBSON and DANAHY, JJ., concur.
NOTES
[1] We also note that the third amended complaint fails to allege facts, beyond the breach of contract, which would constitute a malicious independent tort entitling Osborne to punitive damages. See J.K. Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976).