382 So.2d 90 (1980)
HIGHLANDS COUNTY SCHOOL BOARD, Appellant,
v.
K.D. HEDIN CONSTRUCTION, INC., a Florida Corporation, Insurance Company of North America, a Corporation, Eoghan N. Kelley, Continental Casualty Company, a Foreign Corporation, and the Celotex Corporation, a Corporation, Cotton States Mutual Insurance Company, and E.C. Goldman, Inc., a Florida Corporation, Appellees.
No. 79-1730.
District Court of Appeal of Florida, Second District.
March 21, 1980.
Rehearing Denied April 10, 1980.
*91 J. Bert Grandoff, of Yado, Keel, Nelson, Grandoff, Casper, Bergmann & Newcomer, P.A., Tampa; and James F. McCollum, Sebring, for appellant.
Donald J. Gifford and Peter J. Grilli of Shackleford, Farrior, Stallings & Evans, Tampa, for appellee, Celotex Corp.
OTT, Judge.
The Highlands County School Board appeals from an order dismissing its amended complaint with prejudice. We reverse.
The School Board filed a complaint against appellee and others. As to appellee, the School Board alleged separate counts based on negligence, strict liability and gross negligence. These claims arose out of allegedly defective conditions in the roof of the Lake Placid High School. The roof was constructed of products which had been manufactured by appellee and sold to a subcontractor who eventually installed them on the high school construction project.
The School Board filed an amended complaint, and appellee moved to dismiss for failure to state a cause of action. The trial court granted the motion and entered an order dismissing all counts with prejudice.
The School Board argues on appeal that its amended complaint should not have been dismissed with prejudice, but that it should have been allowed to replead. We agree.
The trial court properly dismissed the amended complaint for failure of the School Board to allege sufficient ultimate facts. However, dismissal with prejudice cannot be justified on this basis alone. Leave to amend should not be denied unless the privilege has been abused or the complaint is clearly not amendable. Osborne v. Delta Maintenance and Welding, Inc., 365 So.2d 425 (Fla.2d DCA 1978). Neither of those circumstances is present in this case. The School Board has previously amended its complaint only once. Further, although there was no privity of contract between the School Board and appellee, this court has recently held that absence of contractual privity is no bar to a tort claim, provided the plaintiff can establish the existence of a duty between the parties independent of the contract. Navajo Circle, Inc. v. Development Concepts, 373 So.2d 689 (Fla.2d DCA 1979).
The other points raised by the parties have been considered and found to be either without merit or rendered moot by this opinion.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SCHEB, A.C.J., and CAMPBELL, J., concur.