SHAW, Judge.
This is an appeal from a final order dismissing Gambrell’s complaint and denying leave to file a second amended complaint with substituted service. We reverse and remand.
In April, 1977, Gambrell filed a complaint alleging that Turner’s negligent operation of his automobile in March, 1974, caused a collision with and injury to Gambrell, for which Government Employees Insurance Company (GEICO) is liable as Turner’s insurer. Since that time, Gambrell has been unable to effect personal service on Turner. Attempted substituted service on Turner was quashed, and leave to amend with substituted service was denied. Affidavits by Gambrell’s attorney and two private investigators aver that Turner has relocated a number of times within and without Florida, has been employed in at least one other state, and is either concealing his whereabouts or has become a non-resident. These affidavits are uncontroverted except for GEICO’s conclusionary assertion that they fail to show a diligent attempt to effect service of process.
Florida Rule of Civil Procedure 1.190(a) requires that Gambrell obtain leave of court to amend her complaint. We recognize the presumption of correctness given to the trial court’s denial of such leave. However, by its terms, Rule 1.190(a) provides that leave should be freely given when justice so requires. Gambrell’s uncontroverted affidavits state a prima facia case for concluding that Turner has either become a nonresident or is concealing his whereabouts, and that substituted service is appropriate. The trial court should not deny leave to amend unless the privilege to amend has been abused or the complaint is clearly not amendable. Highlands County School Board v. K. D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2nd DCA 1980). Accordingly, we conclude that justice requires that leave to amend under Florida Rule of Civil Procedure 1.190(a) and substituted service under Sections 48.171 and 48.151, Florida Statutes (1980) be granted.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
ROBERT P. SMITH, Jr., C. J., and JOA-NOS, J., concur.