407 So.2d 1094 (1982)
Joseph Guion WIGGINS and Hilda Wiggins, Appellants,
v.
Rufus TART, Trading As Rufus Tart Transfer, and National Indemnity Company, As a Foreign Corporation, Appellees.
No. YY-246.
District Court of Appeal of Florida, First District.
January 6, 1982.
Russell W. LaPeer, of Wahl & Gabel, Jacksonville, for appellants.
Michael I. Coulson, of Howell, Howell, Liles, Braddock & Milton, Jacksonville, for Rufus Tart, appellee.
William T. Stone, of Webb, Swain & Watson, P.A., Jacksonville, for National Indem., appellee.
PER CURIAM.
Count II of appellants' amended complaint was dismissed with prejudice upon appellees' motion urging that the amended complaint failed to state a cause of action. Appellants do not challenge the propriety of the dismissal, but urge only that it should have been ordered without prejudice rather than with prejudice. We agree. The trial court should not deny leave to amend unless the privilege to amend has been abused or the complaint is clearly not amendable. Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla.2d DCA 1980).
Accordingly, we direct that the order of dismissal be amended to reflect dismissal of Count II as "without prejudice."
The order, as amended, is AFFIRMED.
SHAW, J., and BEN C. WILLIS, Associate Judge, concur.
JOANOS, J., dissents with opinion.
JOANOS, Judge, dissents.
My view of the record supports the conclusion apparently reached by the trial judge that the amended complaint could not be further amended to state a cause of action upon which relief could be granted. That being the situation, I see nothing improper in the dismissal being "with prejudice."