414 So.2d 276 (1982)
Ross SZELL, Appellant,
v.
Lawson L. LAMAR, etc., et al., Appellees.
No. 81-1128.
District Court of Appeal of Florida, Fifth District.
May 26, 1982.
*277 Lawrence W. Solodky of Law Office of Marvin E. Newman, Orlando, for appellant.
Howard R. Marsee and R. Barry Morgan of Pitts, Eubanks & Ross, P.A., Orlando, for appellees.
ORFINGER, Judge.
Appellant filed suit for damages against Melvin G. Colman, as Sheriff of Orange County, contending that the sheriff had improperly dismissed him from his position as deputy sheriff, claiming that he was thus entitled to back wages, lost benefits, costs and attorney's fees. During the course of the litigation, Colman went out of office and an amended complaint was filed naming his successor, Lawson L. Lamar, as defendant, purportedly under authority of Florida Rule of Civil Procedure 1.260(d).[1] The trial court dismissed the amended complaint with leave to amend, and declining to amend further, appellant suffered the entry of a final judgment from which he appeals. We affirm.
Appellant was appointed deputy sheriff in 1972, and the appellant was terminated by Sheriff Colman on July 11, 1980, following an internal investigation based on a citizen's complaint. Appellant contends that based on a general order promulgated by Sheriff Colman, he was entitled to certain procedural rights prior to his termination, and that he could not be terminated, except for cause.[2] He further contends that the general order created a contractual right in him and a corresponding obligation on the sheriff, so that his termination constitutes a breach of that contract. We disagree on both points.
A sheriff is authorized to appoint deputies for whose acts he is responsible, to act in his stead. Section 30.07, Florida Statutes (1981). A deputy sheriff holds office by appointment, rather than by employment, and is thus an officer, rather than an employee. Murphy v. Mack, 358 So.2d 822 (Fla. 1978). The sheriff has absolute control over the selection and retention of deputies in order that law enforcement be centralized in the county, and in order that the people be able to place responsibility upon a particular officer for failure of law enforcement. Section 30.53, Florida Statutes (1981); Tanner v. McCall, 625 F.2d 1183 (5th Cir.1980); Blackburn v. Brorein, 70 So.2d 293 (Fla. 1954); Murphy, 358 So.2d at 825. Thus, a deputy sheriff has no property interest in his office and no constitutional *278 due process protections when he is dismissed. Evans v. Hardcastle, 339 So.2d 1150 (Fla. 2d DCA 1976). Neither does he acquire a contract right by virtue of a disciplinary procedure unilaterally adopted by the sheriff, which the sheriff may similarly modify or completely revoke at will.[3]
Finding no merit to appellant's remaining issues, the judgment appealed from is
AFFIRMED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] One of the issues presented by the parties is the propriety of the substitution, but in light of our decision here, we need not reach that issue.
[2] The general order relied on was promulgated by the sheriff during appellant's tenure as a deputy. It provides for certain disciplinary procedures, but clearly gives the sheriff the right to summarily take action in any matter.
[3] Cf. Ison v. Zimmerman, 372 So.2d 431 (Fla. 1979), where the Supreme Court held that the enactment of a valid civil service law did not unconstitutionally restrict the duties of the office of sheriff. No civil service law is alleged to exist here. Zimmerman is thus inapposite.