531 So.2d 1372 (1988)
Fuller CREWS, Sr., Appellant,
v.
Laurie ELLIS, Sheriff of Nassau County, Appellee.
No. 88-84.
District Court of Appeal of Florida, First District.
September 29, 1988.
Rehearing Denied November 7, 1988.
*1373 Robert J. Link of Howell, Liles & Milton, Jacksonville, for appellant.
Frank C. Kruppenbacher of Swann and Haddock, P.A., Orlando, and William E. Powers, Jr. and C. Anthony Cleveland of Oertel & Hoffman, P.A., Tallahassee, for appellee.
SHIVERS, Judge.
This case involves appellant's timely appeal of the trial court's order dismissing his Amended Petition for Injunctive Relief, and/or Common Law Certiorari with prejudice. Because we determine that the trial judge erred in dismissing the amended petition with prejudice, we reverse.
In February of 1987, appellant was discharged from his employment as a deputy sheriff with the Nassau County Sheriff's Department due to allegations of sexual misconduct. As a result of his dismissal, appellant filed an Amended Petition for Injunctive Relief, and/or Common Law Certiorari requesting reinstatement to his position as deputy sheriff, reimbursement for lost pay, and an order directing the Sheriff to comply with due process of law. The facts as alleged in appellant's amended petition are as follows. Appellant was employed as a deputy sheriff from April 1, 1978, through February 10, 1987. Appellee Ellis was the Sheriff of Nassau County during all relevant time periods. In February of 1987, General Order 10, which was promulgated by Nassau County's previous Sheriff and adopted by Sheriff Ellis, was in effect. Section 1(b) of General Order 10 states that "[n]o employee shall be suspended, reduced in pay, transferred, laid off, demoted or dismissed without just cause." General Order 10 further describes procedures to be followed when the Sheriff receives a report of misconduct. These procedures include "a complete investigation to determine the true facts," including "a written statement made by the employee against whom the complaint was made." According to General Order 10, the Sheriff will study the information in the investigation and then present the employee with a written statement of the reasons for his actions. An employee also has the right to an appeal before a three-member review board during which evidence may be presented. The Sheriff will then review the findings of the appeal board before making his final decision.
On February 10, 1987, appellant received a request by radio to report to the communications *1374 office of the Sheriff's department. Upon his arrival, appellant was told that an "advisory board" hearing was being conducted regarding allegations against appellant. Appellant was given no advance notice of the hearing, was not informed of the nature of the allegations against him, and was not permitted to appear at or to participate in the advisory board hearing. No written statement was requested from appellant. At the conclusion of the hearing, the advisory board recommended dismissal and Sheriff Ellis followed the recommendation.
In accordance with General Order 10, appellant filed his written notice of intent to appeal his dismissal to Sheriff Ellis within seven days of his dismissal. In his notice, appellant requested to be provided with information about the allegations against him including names of witnesses and copies of reports and statements. Appellant also requested legal representation at the hearing on his appeal. These requests were denied by Sheriff Ellis. During the hearing before the appeal board, no witnesses appeared, and appellant was not permitted to present any evidence on his own behalf. Prior to the appeal board hearing, appellant requested a continuance in order to obtain an attorney and asked that a permanent record be made of the proceedings. These requests were denied, and appellant's appeal was denied. Appellant was terminated amid public allegations of sexual misconduct.
In response to appellant's amended petition, the Sheriff filed a Motion to Dismiss containing the following statements:
2. As appears in the Affidavit of Sheriff Laurie Ellis filed contemporaneously with the instant motion, General Order 10, like all other General Orders adopted by the Sheriff's Department for Nassau County, has been unilaterally adopted by the Sheriff and may be unilaterally amended, altered or revoked at will.
3. Since General Order 10, like all other General Orders adopted by the Sheriff's Department, can be revoked at will by the Sheriff, no "property" right can be derived therefrom.
Attached to the motion to dismiss was an affidavit signed by Sheriff Ellis asserting that even though General Order 10 was issued by the Sheriff's Department, "the Sheriff remains empowered to alter, revise or completely revoke such general orders at will." After a hearing on the motion to dismiss, the trial court dismissed appellant's amended petition with prejudice.
In considering a motion to dismiss, a trial court is confined to the allegations contained within the four corners of the complaint. Chaires v. North Florida National Bank, 432 So.2d 183 (Fla. 1st DCA 1983). "The function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action, and a court is not permitted to speculate as to whether a plaintiff has any prospect of proving the allegations." Id. at 184. In fact,
[w]hile it is possible that [an] appellant will not prevail on the merits of [a] complaint, the merits have not yet been addressed and cannot be addressed on [a] motion to dismiss which [is] before the trial court. On a motion to dismiss, the trial court looks to the four corners of the complaint; consideration of matters not disclosed by the complaint or by a prior pleading is reversible error.
East Naples Water Systems, Inc. v. Board of County Commissioners of Collier County, 457 So.2d 1057, 1059 (Fla. 2d DCA 1984).
In the instant case, appellant alleges that General Order 10 creates a property interest in the right of a deputy sheriff not to be terminated "without just cause" and without certain procedural guarantees. Appellant also alleges that General Order 10 is, in effect, a local civil service system authorized under Article III, Section 14 of the Florida Constitution and that the Sheriff must comply with the protections afforded by that system. Finally, appellant alleges that he has a liberty interest in procedural protection because his reputation is at stake.
In his order granting the Sheriff's motion to dismiss, the trial judge referred to several cases that stand for the proposition *1375 that because a deputy sheriff holds office by appointment, rather than by employment, and is thus an officer, rather than an employee, the relationship between a sheriff and a deputy is not a normal employer-employee relationship. The cases further stand for the proposition that because a sheriff has absolute control over the selection and retention of deputies, a deputy sheriff has no property interest in his office and no constitutional due process protections when he is dismissed. See Blackburn v. Brorein, 70 So.2d 293 (Fla. 1954); Wilkerson v. Butterworth, 492 So.2d 1169 (Fla. 4th DCA 1986); Evans v. Hardcastle, 339 So.2d 1150 (Fla. 2d DCA 1976).
However, the trial court also cited the case of Szell v. Lamar, 414 So.2d 276 (Fla. 5th DCA 1982). In Szell, a deputy sheriff argued, based on a general order promulgated by the Sheriff, that he was entitled to certain procedural rights prior to his termination and that he could not be terminated except for cause. On this point, the court noted that although the general order "provides for certain disciplinary procedures, ... [it] clearly gives the sheriff the right to summarily take action in any matter." Id. at 277 n. 2. The deputy sheriff also argued that the general order promulgated by the sheriff entitled him to a contractual right to due process. In finding that the deputy sheriff was not entitled to procedural due process, the court concluded that:
[A] deputy sheriff has no property interest in his office and no constitutional due process protections when he is dismissed. Neither does he acquire a contract right by virtue of a disciplinary procedure unilaterally adopted by the sheriff, which the sheriff may similarly modify or completely revoke at will.
Id. at 277-278 (citations and footnotes omitted).
As stated earlier, appellant alleges in his amended petition that he has both a property right in procedural due process and a right to the procedural protections of General Order 10 because, in his opinion, General Order 10 creates a local civil service system. However, it is clear from a review of the case law cited by the trial judge that a deputy sheriff has no constitutional property interest in procedural due process when he is dismissed. Furthermore, although the court in the case of Ison v. Zimmerman, 372 So.2d 431 (Fla. 1979), held that deputy sheriffs are protected by validly enacted special civil service acts, the Florida Constitution requires that such civil service acts be created by general, special or local law. In this case, a general order of a sheriff's department would not constitute a civil service system pursuant to the Florida Constitution. Cf., Szell v. Lamar, 414 So.2d at 278 n. 3.
Nevertheless, the facts as related by appellant in the amended petition may entitle appellant to relief under a contractual right to due process theory. The Szell court alluded to such a right, but held that the factual situation in that case negated such a contractual right. In the instant case, however, the facts as stated in the amended petition (the only document to be considered by the court on a motion to dismiss) do not reveal, as did the facts in Szell, whether the Sheriff unilaterally adopted the disciplinary procedures, whether the Sheriff has the authority to modify or revoke at will the provisions of General Order 10, or whether the Sheriff has the right to summarily take action in any matter. The circumstances surrounding the enactment of General Order 10 are also not clear from a review of the amended petition. Thus, unlike the case of Szell, the trial court was faced with an amended petition containing facts which could possibly, if accepted as true, provide relief to appellant. Furthermore, without knowledge of additional facts, it cannot be determined by this court as a matter of law that appellant will not be able to prove that General Order 10 obligates the Sheriff to provide certain procedural protections. Where a complaint is not clearly unamendable, it is error for the trial court to dismiss that complaint with prejudice. Wiggins v. Tart, 407 So.2d 1094 (Fla. 1st DCA 1982); Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980).
*1376 Because the trial court dismissed appellant's amended petition with prejudice, and because the trial court based the dismissal on the case of Szell v. Lamar, it appears that the trial court considered the affidavit and facts alleged in Sheriff Ellis' motion to dismiss in making its decision. Clearly, if the facts alleged in Sheriff Ellis' motion to dismiss are true, the case would be indistinguishable from the case of Szell v. Lamar. However, as stated earlier, a trial court must only look to the four corners of the complaint in deciding a motion to dismiss, and a motion to dismiss may not address factual matters not disclosed by the complaint. East Naples Water Systems, Inc. v. Board of County Commissioners of Collier County.
It is clear to this court that the trial judge based his dismissal with prejudice on a motion to dismiss that contained affidavits and allegations of facts not contained in the amended petition. In the instant case, a review of the amended petition reveals allegations of a factual situation unlike that found in the case of Szell v. Lamar. Based on these factual differences and a review of the amended petition alone, it cannot be said that appellant is unable to allege a cause of action. Although the portions of appellant's amended petition alleging (1) that appellant has a property interest in procedural due process and (2) that General Order 10 creates a civil service system may be properly dismissed, the allegations contained in the amended petition support a possible right to procedural protection based on General Order 10.
Aside from alleging entitlement to certain procedural rights pursuant to General Order 10, appellant also alleges that he has a liberty interest in procedural protection because his reputation is at stake. Appellant's amended petition reads as follows:
Petitioner's good name, reputation, honor, and integrity is at stake because of what the government, through the Sheriff, did to him by terminating him with allegations of sexual harassment... . Due process requires notice and an opportunity to refute such charges.
As stated in the case of Robison v. Wichita Falls and North Texas Community Action Corp., 507 F.2d 245, 251 (5th Cir.1975), a property interest in continued employment and a liberty interest in an employee's reputation "must be distinguished for purposes of the hearing requirement." Additionally, "[a]lthough reputation, standing alone, is not a constitutionally protected interest, when coupled with a loss of employment it will invoke due process safeguards." Allison v. City of Live Oak, 450 F. Supp. 200, 204 (M.D.Fla. 1978) (citations omitted). The Supreme Court has held that a liberty interest will be impaired when the reasons for an employee's discharge from employment are disclosed to the general public. Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Thus, even though an employee may not be entitled to due process protections because he has no property interest in his employment, he might still be entitled to procedural protection "for the narrow purpose of vindicating his reputation." Robison, 507 F.2d at 252.
In order to successfully assert a due process violation based on loss of reputation, certain elements must be alleged. A petitioner "must allege the acts disparaging his reputation, deny the truth of those acts or words, allege that the loss of reputation was in conjunction with some interest such as loss of employment and establish that the reasons for discharge from employment were disclosed to the general public." Smith v. Town of Golden Beach, 403 So.2d 1346, 1348 (Fla. 3d DCA 1981) (citations omitted). With regard to the requirement that a petitioner must deny the truth of the acts or words disparaging his reputation, the Supreme Court stated in the case of Codd v. Velger, 429 U.S. 624, 627, 97 S.Ct. 882, 883, 51 L.Ed.2d 92 (1977), that "the hearing required where ... a[n] employee has been stigmatized in the course of a decision to terminate his employment is solely `to provide the person an opportunity to clear his name.'" Therefore, the Supreme Court reasoned that "[i]f he does not challenge the substantial truth of the material in question, no hearing would afford a promise of achieving that result for him." Id. at 627-628, 97 S.Ct. at 883-884. Thus, in order to allege a right to procedural protection based on a loss of reputation, a petitioner must assert that the allegations *1377 regarding his reputation are false. "Only if the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination is ... a hearing required." Id. at 628, 97 S.Ct. at 884.
In the instant case, appellant's amended petition alleges that public allegations of sexual harassment damaged his reputation, that his loss of reputation was in conjunction with his termination from his employment as deputy sheriff and that the charges of sexual harassment were disclosed to the general public in the form of newspaper articles and reports. However, nowhere in appellant's amended petition has appellant denied the truth of those allegations. Accordingly, as presently worded, appellant's amended petition does not state a cause of action for a procedural due process violation based on loss of reputation. Nevertheless, such a deficiency in the petition does not warrant a dismissal with prejudice. "Generally, a trial court must allow a litigant the opportunity to amend a complaint before dismissing its suit with prejudice unless it is clear that the pleading cannot be amended so as to state a cause of action." Albrecht v. Board of Trustees of the Internal Improvement Trust Fund, 481 So.2d 555, 556 (Fla. 2d DCA 1986). Thus, where a petitioner may have been able to allege further facts stating a cause of action, it is error to dismiss a petition with prejudice. Cutler v. City of Jacksonville Beach, 489 So.2d 126 (Fla. 1st DCA 1986).
In the instant case, it is not clear that appellant's petition cannot be amended to state a cause of action. Accordingly, we reverse the trial court's order dismissing the petition with prejudice and remand the case to the trial court for an order allowing appellant the opportunity to amend his petition.
REVERSED and REMANDED.
THOMPSON and ZEHMER, JJ., concur.