548 So.2d 877 (1989)
Hassan HAMIDE, Appellant,
v.
STATE of Florida DEPARTMENT OF CORRECTIONS, Appellee.
No. 88-3187.
District Court of Appeal of Florida, First District.
September 13, 1989.
Richard Mellman, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen. and Cecilia Bradley, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Hassan Hamide (appellant) appeals the dismissal with prejudice of his complaint for damages for personal injuries. The issues for review are: (1) whether the trial court erred in dismissing the complaint with prejudice without permitting appellant an opportunity to amend, and (2) whether the trial court erred in granting the motion to dismiss with prejudice on grounds not confined within the four corners of the complaint. We reverse and remand with directions.
On July 13, 1988, appellant filed a complaint against the Department of Corrections (DOC), for injuries he allegedly sustained on July 20, 1984, while a prisoner in DOC custody. On November 17, 1988, DOC filed a motion to dismiss on grounds that appellant failed to give DOC written notice of his claim within three years after the claim arose, as required by section 768.28(6), Florida Statutes (1983). The motion acknowledges that appellant provided written notice to the Department of Insurance within the statutory time period, but asserts that appellant did not provide written notice to DOC until March 2, 1988, well after the statutory limitation period.[1] On *878 November 18, 1988, the trial court issued an order granting DOC's motion and dismissing appellant's complaint with prejudice.
On November 22, 1988, appellant filed an amended complaint alleging, among other things, that notice had been provided to the Department of Risk Management on February 27, 1987, and to the Department of Corrections on March 27, 1986. Copies of the letter notices were attached to the amended complaint. On November 28, 1988, appellant filed a motion to vacate the order of dismissal, alleging that appellant received the motion to dismiss on November 17, 1988, and that appellant's counsel prepared an amended complaint on November 18, 1988, containing the requisite notice allegations and attaching copies of said notices. The motion to vacate dismissal also states:
Simultaneously, Plaintiff's counsel became aware that defendant's counsel had forwarded a proposed order of dismissal with prejudice to the Judge of record in this action, with a cover letter, a copy of which is attached. Plaintiff's counsel was not notified of the proposed order or the grounds for granting the same without a hearing or opportunity to respond.
On December 1, 1988, the trial court entered an order denying the motion to vacate the order of dismissal. On December 5, 1988, appellant's motion for reconsideration was denied.
On December 12, 1988, DOC filed a motion for reconsideration and a response to appellant's motion. According to DOC's motion, it has never maintained an office at the address to which appellant's letter notice was directed, and it never received the notice mailed by appellant. DOC's motion for reconsideration further states that DOC should have moved for summary judgment rather than dismissal, since in order to grant dismissal the court had to consider the factual allegations of the motion and the exhibit attached thereto.[2]
Appellant's notice of appeal was filed December 9, 1988, three days before DOC filed its motion for reconsideration. Therefore, the trial court was without jurisdiction to consider DOC's motion. Lister v. Walker, 409 So.2d 1156 (Fla. 1st DCA 1982); Hudson v. Hofmann, 471 So.2d 117 (Fla. 2d DCA 1985), review denied, 480 So.2d 1294 (Fla. 1985).
Unless it appears that the privilege to amend has been abused or that the complaint is clearly unamendable, it is an abuse of discretion to dismiss a complaint with prejudice. See Crews v. Ellis, 531 So.2d 1372, 1375 (Fla. 1st DCA 1988); Thompson v. McNeil Company, Inc., 464 So.2d 244 (Fla. 1st DCA 1985); Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982); Town of Micanopy v. Connell, 304 So.2d 478 (Fla. 1st DCA 1984); Countryside Christian Center, Inc. v. City of Clearwater, 542 So.2d 1037 (Fla. 2d DCA 1989); Albrecht v. Board of Trustees of Internal Improvement Fund, 481 So.2d 555 (Fla. 2d DCA 1986); Dingess v. Florida Aircraft Sales & Leasing, Inc., *879 442 So.2d 431, 432 (Fla. 5th DCA 1983); Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA), review denied, 402 So.2d 612 (Fla. 1981).
DOC's reliance on Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983), to support the dismissal with prejudice is misplaced in the context of the instant case. In Levine, appellant provided written notice of his claim to the school board prior to filing suit, but failed to notify the Department of Insurance within the three year limitation period, as required by section 768.28(6), Florida Statutes. On motion of the school board, the trial court dismissed the complaint for failure to allege notice of claim to the Department of Insurance. Since Levine was unable to amend to show that notice had been provided, he filed an amended complaint, attaching an affidavit of an official of the Department of Insurance which stated the department had no financial or other interest in the outcome of the suit. The court held that section 768.28(6) is clear that notice must be given before suit may be maintained, and the complaint must contain an allegation of such notice. The court further held that "[w]here the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice." 442 So.2d at 213.
In this case, unlike the situation in Levine, appellant was not afforded an opportunity to amend. Moreover, appellant's motion to amend and amended complaint were filed more or less simultaneously with the order dismissing the complaint with prejudice, and apparently without notice to appellant that such order of dismissal was contemplated. Furthermore, unlike Levine, the record in this case does not demonstrate conclusively that appellant will be unable to allege timely notice.
In West v. Wainwright, 380 So.2d 1338 (Fla. 1st DCA 1980), in a fact scenario somewhat similar to this case, this court approved a dismissal without prejudice of a complaint filed against the state. The dismissal was predicated on appellant's failure to allege compliance with the statutory condition precedent of written notice to the Department of Insurance and the appropriate agency. Appellant in this case acknowledges that his initial complaint is deficient for failure to allege compliance with the section 768.28 notice requirements. However, the record demonstrates that the privilege to amend has not been abused, and also there exists the possibility that appellant will be able to allege compliance with section 768.28. In these circumstances, dismissal with prejudice was improper.
Furthermore, it is well settled that "a trial court must look only to the four corners of the complaint in deciding a motion to dismiss, and a motion to dismiss may not address factual matters not disclosed by the complaint." Crews v. Ellis, 531 So.2d at 1376, citing East Naples Water Systems, Inc. v. Board of County Commissioners of Collier County, 457 So.2d 1057, 1059 (Fla. 2d DCA 1984). See also Lewis State Bank v. Travelers Insurance Company, 356 So.2d 1344, 1345 (Fla. 1st DCA 1978); Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974). In other words, "[t]he function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action, and a court is not permitted to speculate as to whether a plaintiff has any prospect of proving the allegations." Chaires v. North Florida National Bank, 432 So.2d 183 (Fla. 1st DCA 1983).
In Crews, this court concluded that it was clear "the trial court based his dismissal with prejudice on a motion to dismiss that contained affidavits and allegations of facts not contained in the amended petition." 531 So.2d at 1376. Similarly, in Victor v. News & Sun Sentinel Company, 467 So.2d 499, 500 (Fla. 4th DCA 1985), in reversing dismissal of a complaint with prejudice, the court noted that "the trial court acted prematurely in considering matters that should properly be raised as affirmative defenses." See also Pizzi v. Central Bank & Trust Company, 250 So.2d 895, 897 (Fla. 1971).
In this case, as in Crews, it is clear the trial court's dismissal with prejudice was *880 predicated on matters outside the four corners of the complaint. Indeed, DOC acknowledges as much, but urges that in doing so, the trial court has not abused its discretion since the record indicates appellant's notice of claim to the agency was filed after the three year limitation period had run. DOC's assertion in this regard anticipates an affirmative defense not proper for consideration on a motion to dismiss. See Pizzi v. Central Bank & Trust Company, 250 So.2d at 897; Fouts v. Margules, 98 So.2d 394, 395 (Fla.App. 1957).
Accordingly, we reverse the order of dismissal with prejudice, and remand with directions to amend the order to reflect that dismissal is without prejudice to amend. The trial court is further directed to entertain appellant's motion to amend the complaint to allege timely compliance with the notice provisions of section 768.28, if in fact appellant is able to do so.
SHIVERS, C.J., and ERVIN, J., concur.
NOTES
[1] Section 768.28(6), Florida Statutes (1983), states in pertinent part:

(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, ... presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing, ... (b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action ...
[2] Paragraphs 5 and 6 of DOC's motion for reconsideration state:

5. Notwithstanding the fact that the Defendant urges this Court to deny the Plaintiff's motion for reconsideration, the Defendant moves for reconsideration of the 18 November 1988 order based on the fact that the Defendant should have moved for summary judgment in this matter rather than motioning the Court for dismissal. Procedurally, a motion for dismissal could be deemed improper on appeal because such a motion requires the Court to look only at the four corners of the complaint and not to consider outside matters.
6. In the present case, in order to grant dismissal, the Court must consider the factual allegation raised and supported by the Defendant's motion to dismiss and the exhibit attached hereto as Exhibit A. Accordingly, the Defendant has filed with this motion a motion for summary judgment and would urge this Court to reconsider its previously entered order and to enter an order granting the Defendant's motion for summary judgment instead.