PER CURIAM.
Ken R. Bouldin, H.D. Blasbichler, Christine Blasbichler, James Mosley, Virginia Mosley, June Decker, and William N. Wilson (hereafter referred to collectively as Bouldin or appellants) appeal a final order dismissing their amended complaint against Okaloosa County with prejudice for failure to state a cause of action. We reverse and remand for further proceedings.
On November 20, 1988, appellants filed a complaint against the Board of County Commissioners of Okaloosa County seeking a declaratory judgment and injunctive relief. On November 28, 1989, before a responsive pleading was filed, they filed an amended complaint naming Okaloosa County as the defendant. This complaint sought a declaratory decree that Resolution 89-101, adopted by the Okaloosa County Commission, was invalid, and sought an injunction to prohibit the county from implementing that resolution. The resolution in question purported to vacate, abandon, discontinue, and close a portion of S.R. 30 known as Old U.S. 98. The amended complaint alleged, among other things, that: appellants owned properties or businesses adjoining the portion of Old U.S. 98 referred to in Resolution 89-101; in enacting Resolution 89-101, the commission failed to follow the procedural requirements of sections 336.08, 336.09, and 336.10, Florida Statutes (1989); the commission abused its discretion by vacating, abandoning, discontinuing, and closing the disputed portion of Old U.S. 98; and their various properties were directly affected in certain ways by the action taken in Resolution 89-101. Attached to and incorporated by reference in the amended complaint were numerous documents relating to the action taken in Resolution 89-101, including several notices of the public hearing; a 1982 agreement between the Department of Natural Resources and Okaloosa County regarding the relocation of the road; a copy of the transcript of the public hearing held November 7, 1989, on the commission’s intent to close the road; a copy of Resolution 89-101; and copies of other related resolutions. The county filed a motion to dismiss the amended complaint for lack of standing and failure to state a cause of action.
Appellants subsequently filed motions for leave to amend for the purpose of joining the Department of Natural Resources and the Board of Trustees of the Internal Improvement Trust Fund as respondents and a motion for temporary injunction against that Department, and tendered second amended complaints naming the Department and the Board of Trustees as respondents. These motions do not appear to have been ruled on. In any event, neither the Department nor the Board of Trustees was ever served and the com *207 plaints against them are not at issue in this appeal.
After a hearing on the county’s motion to dismiss the amended complaint, the circuit court entered a final order dismissing the amended complaint against the county with prejudice. Among other things, that order provided:
1. Plaintiffs have standing to challenge the legal sufficiency of the public notice requirements for the vacation of a County road.
2. The public notice as alleged in Plaintiffs Complaint was more than legally sufficient for the vacation of the portion of the County road in question.
3. Defendant’s Motion to Dismiss as to the notice requirements is hereby granted.
4. The Complaint fails to allege facts sufficient to show that the action of the Board of County Commissioners has caused Plaintiffs an injury different in kind and degree from that sustained by other members of the community at large, and is dismissed for lack of standing to maintain this action.
5. In matters concerning the abandonment, vacation, or discontinuance of roads, the law accords a wide latitude of discretion to the Board of County Commissioners and such discretion will not be disturbed in the absence of a clear abuse thereof or the invasion of property rights, which has not been alleged in this cause.
6. Defendant’s Motion to Dismiss for failure to state a cause of action as to the action taken by the Board of County Commissioners is hereby granted with prejudice.
Appellants raise six issues on this appeal. For the reasons hereafter discussed, we reverse the final order dismissing the amended complaint and remand for further proceedings.
First, the circuit court’s ruling that Bouldin lacks standing to challenge the Board’s exercise of discretion in adopting the various resolutions relating to the closing of part of Old Highway 98 is error. The allegations of the complaint are sufficient to support appellants’ standing to raise these contentions under Safer v. City of Jacksonville, 212 So.2d 785, 787-88 (Fla. 1st DCA 1968).
Second, the circuit court erred in dismissing the amended complaint with prejudice. Florida Rule of Civil Procedure 1.190(a) provides that when a party applies to the court to amend the complaint after a responsive pleading has been served, “[Ijeave of court shall be given freely when justice so requires.” Under this rule, even if a trial court believes that an amended complaint fails to state a cause of action, dismissal with prejudice denying leave to amend is not justified on that basis alone. Rather, the plaintiff should be given leave to amend the complaint, unless the court further finds that the privilege to amend has been clearly abused or the complaint is clearly not amendable. See Crews v. Ellis, 531 So.2d 1372 (Fla. 1st DCA 1988); Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980); Osborne v. Delta Maintenance and Welding, Inc., 365 So.2d 425 (Fla. 2d DCA 1978).
In this case, appellants amended their original complaint before any responsive pleadings were filed, and after the county filed its motion to dismiss, appellants again attempted to amend the complaint to add two other parties who were never served. This does not rise to the level of clear abuse of the privilege to amend. Nor does it appear that the amended complaint is not amendable to cure at least some of the deficiencies found by the circuit court. The final order dismissing the amended complaint with prejudice merely stated that the facts alleged were legally insufficient to allege a cause of action against the county; it contained no finding that appellants had abused the amendment privilege or that the amended complaint was clearly not amendable. Because this record does not support a finding that the privilege to amend was abused or that the complaint was not amendable, the circuit court erred in dismissing the amended complaint with prejudice. Crews v. Ellis, supra; Highlands County School Board v. K.D. Hedin Con *208 struction, Inc., supra; Osborne v. Delta Maintenance and Welding, Inc., supra. The dismissal in this case should have been “without prejudice” in order to allow appellants an opportunity to amend. See Wiggins v. Tart, 407 So.2d 1094 (Fla. 1st DCA 1982).
Third, the allegations of the amended complaint are facially sufficient to state a cause of action for declaratory and in-junctive relief based on allegations that the notices of the public hearing failed to comply with the statutory requirements of sections 336.09 and 336.10, Florida Statutes (1989). Section 336.09 provides in pertinent part:
(1) The commissioners, with respect to property under their control may in their own discretion, and of their own motion, or upon the request of any agency of the state, or of the federal government, or upon petition of any person or persons, are hereby authorized and empowered to:
(a) Vacate, abandon, discontinue and close any existing public or private street, alleyway, road, highway, or other place used for travel, or any portion thereof, other than a state or federal highway, and to renounce and disclaim any right of the county and the public in and to any land in connection therewith.
[[Image here]]
(2) The commissioners, upon such motion, request, or petition, may adopt a resolution declaring that at a definite time and place a public hearing will be held to consider the advisability of exercising the authority granted in this section.
Section 336.10 provides:
Before any such road shall be closed and vacated, or before any right or interest of the county or the public in any land delineated on any recorded map or plat as a road shall be renounced or disclaimed, the commissioners shall hold a public hearing, and shall publish notice thereof, one time, in a newspaper of general circulation in such county at least 2 weeks prior to the date stated therein for such hearing. After such public hearing, any action of the commissioners, as herein authorized, shall be evidenced by a resolution duly adopted and entered upon the minutes of the commissioners ....
(Emphasis added).
The first notice was published on October 16, 1989, more than two weeks prior to the public hearing, and recited that at the public hearing on November 7 the Board would consider the “vacation” of the following portion of S.R. 30 (Old U.S. 98):
S.R. 30 (Old U.S. 98) from Mile Post Marker 20.481 (Moreno Point) to Mile Post Marker 24.529 (Walton County Line) for a distance of approximately 4.048 miles.
The second notice, entitled “Amended Public Notice,” was published on October 20, 1989, and recited that the commission would consider “vacation of that portion of S.R. 30 (Old U.S. 98) right-of-way lying adjacent to the ... Henderson beach property” and set forth a legal description that differed from the description in the first public notice. The third public notice, also entitled “Amended Public Notice,” was published on October 24, 1989, and recited that the Board would consider “vacation of that portion of S.R. 30 (Old U.S. 98) right-of-way lying North of and adjacent to that parcel of land designated as ‘Parcel B’ in Official Record Book 1176, Page 1935, of the Public Records of Okaloosa County, Florida, known as the Henderson beach property.” This notice also set forth a legal description that differed from those contained in the first two notices. Neither “Amended Public Notice” referred to any prior notice. At the November 7 meeting, the commission voted 3 to 2 to pass a motion to “transfer” or “vacate” to the Department of Natural Resources the property described in the third notice.
Accepting the allegations of the amended complaint as true, which we must in testing its legal sufficiency on a motion to dismiss, they are sufficient to allege a cause of action for violations of the requirements of sections 336.09 and 336.10. All three notices were substantively deficient, because neither the first notice nor the other two notices sufficiently informed the public of *209 the true nature of the action the Board intended to take at the public hearing. While the notices stated that the Board would consider only “vacating” the road, the motion made and approved was to transfer the road to the Department. Resolution 89-101, promulgated pursuant to that vote, not only “vacated” the road but also “abandoned,” “discontinued,” and “closed” the road, subject to certain conditions specified in the resolution.[1] Not until the hearing was notice given regarding the commission’s intent to abandon, discontinue, and close the road. Additionally, each of the public notices included different legal descriptions of the portion of the road that would be affected by the Board’s action, and only the final notice, which was published exactly two weeks prior to the public hearing, contained a legal description similar to the one included in Resolution 89-101. None of the notices set forth any information about transferring the road right-of-way to the Department. None of the notices made any reference to the 1982 contract with the state. None of the notices informed the public that the Board would consider and pass Resolution 89-102 at that public hearing, pursuant to a unanimously passed motion urging the Department, the Governor, and the Cabinet to keep the “transferred” portion of Old U.S. 98 open. These alleged deficiencies are sufficient to require the court to take evidence on compliance with sections 336.09 and 336.10 regarding the notices of the public hearing at which the motion authorizing Resolution 89-101 was adopted.
Fourth, we agree with appellants’ contention that the allegations of the amended complaint are legally sufficient to state a cause of action for declaratory and injunctive relief based on the failure of the public hearing, as conducted by the county commissioners, to afford procedural due process, in violation of the requirements of sections 336.09 and 336.10. The obvious intent and purpose of these statutory provisions is to require the board of county commissioners to provide ample notice of a public hearing at which the road closing will be considered, and to afford all interested citizens a reasonable opportunity to participate and be heard. The process required to abandon or close a public road under those sections is similar in purpose to rulemaking under section 120.54 of the Florida Administrative Procedures Act. With respect to the conduct of hearings under that section, we said in Balino v. Department of Health and Rehabilitative Services, 362 So.2d 21, 24-25 (Fla. 1st DCA 1978), cert. denied, 370 So.2d 458 (Fla.1979):
In its conduct of the hearing, the agency has the affirmative duty to inform itself to the fullest extent possible of the interest and problems of those who seek to present evidence and argument.... The agency has no right, as a litigant in an adversary proceeding might have, to protect itself from evidence or argument that may be unfavorable. The officer conducting the hearing must make every effort to assure those present have fair opportunity to present evidence and argument which is material to the rules in question and appropriate under the circumstances .... Considerations of time and the number of participants in attendance at the hearing will necessarily affect the manner of presentations allowable by the hearing officer. Within those limitations, however, participants must be afforded fair opportunity “to present evidence and argument ... appropriate to inform it of their contentions. ”
(Emphasis added). These same considerations are pertinent and applicable to public hearings under sections 336.09 and 336.10.
*210 Appellants’ amended complaint alleges that the commission denied some speakers any opportunity to be heard at the public hearing. The transcript of the public hearing annexed to the amended complaint reveals that upon conclusion of the one-hour period allotted by the Board for the hearing, the Board refused to allow any other speaker to present evidence or arguments, including two speakers who had previously submitted written petitions and requested to be heard. These allegations are facially sufficient to warrant inquiry as to whether the public hearing failed to afford members of the public the right to be heard pursuant to the cited statutes. Whether the Board’s conduct of the hearing was in accord with the statutes requires consideration of several factors, including whether the allotted time of one hour was reasonably sufficient. Undoubtedly, the Board could place time limitations on each speaker’s presentation, but whether it acted arbitrarily in refusing to permit persons to be heard after expiration of the set time period at least requires further review. Balino v. Department of Health and Rehabilitative Services, 362 So.2d at 24-25.
Finally, appellants contend that the amended complaint is facially sufficient to state a cause of action for declaratory and injunctive relief based on allegations that the Board failed to determine that the action taken in Resolution 89-101 is in the best interest of the public. Generally, when police power of the state is exercised, it is abused unless it is exercised for the promotion of the public’s health, welfare, safety, and morals. Newman v. Carson, 280 So.2d 426, 428 (Fla.1973); Graham v. Estuary Properties, Inc., 399 So.2d 1374, 1381 (Fla.1981), cert. denied, Taylor v. Graham, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981). Annexed to and relied on in appellants’ complaint are the following principles set forth in an opinion of the Attorney General of Florida regarding a county’s statutory authority to close public roads:
if the general public is using the roads and streets in question ..., then the county should not close or vacate the roads or streets in question if such vacation would be injurious to the public welfare or violate individual property rights_ It has been noted: “... [T]he power to vacate streets cannot be exercised in an arbitrary manner, without regard to the interest and convenience of the public or individual rights.” McQuillan, Municipal Corporations s. 30.186a. Hence, absent a determination by the county commission that the general public welfare would benefit from vacation, it should not be accomplished, and in any event, the roads or streets can be vacated only in accordance with the statute [section 336.09]_
1978 Op.Att’y Gen.Fla. 078-119 (September 27, 1978). We agree that sections 336.09 and 336.10 contemplate a finding by the commission that the closing is in the best interest of the public and that this finding should be set forth in the commission’s resolution or order.
The amended complaint alleges that the Board made no finding that the action taken in Resolution 89-101 was in the public’s best interest, but instead took the action because it felt bound by the terms of the 1982 agreement between the county and the Department of Natural Resources, annexed to the complaint. Resolution 89-101 annexed to the complaint contains no findings that the action was in the public’s best interest, and states that the action was taken “in accordance with a commitment made by a prior Board.” The 1982 agreement contemplates relocating Old U.S. 98 to a newly-constructed route north of the portion intended to be incorporated in a proposed state public park. That agreement contains ambiguous language susceptible of a construction that the portion of the road to be closed would be transferred to the Department of Natural Resources for incorporation in the proposed public park, provided suitable connections between the old highway and the new relocated highway are provided.[2] Whether the *211 county’s decision to vacate comports with the best interests of the public at the present time or is merely an arbitrary act that fails to conform with the statutory intent governing road closings is sufficiently raised in the complaint for declaratory action to warrant an evidentiary hearing thereon. This inquiry is made particularly cogent by the fact that the Board, after passing the motion authorizing the road to be vacated, unanimously passed a motion to urge the state government to keep the road open.
We do not express any opinion on the ultimate resolution of any objections to the county’s action raised by the amended complaint; whether those objections are well founded is a matter for the trial court upon consideration of the evidence. We only hold that the allegations are sufficient to state a cause of action for declaratory relief and potential injunctive relief. The order dismissing the amended complaint is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
ERVIN, NIMMONS and ZEHMER, JJ., concur.

. Use of the word “vacating" in the notice may well have been intended by the commission to connote "abandoning” or "discontinuing” or "closing” the road as well. However, ordinarily the word "vacating” means to surrender or give up one's interest, a somewhat different concept from actually discontinuing and closing a road to any further use. See Webster's Third New International Dictionary 2527 (unabridged ed. 1981). Because of the ambiguities inherent in use of these various terms, justice requires that they be given different meanings in the context of passing on the sufficiency of the complaint.

. The county attorney stated at the November 7 hearing:
I think that several people have taken the position that that agreement was illegal. That *211 agreement, in my opinion, is not illegal; however, it may potentially be defensible at this point in time, potentially due to changed conditions.