# Third District Court of Appeal

## State of Florida

Opinion filed April 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1536
Lower Tribunal No. 14-23118
_____

**Annex Industrial Park, LLC,**
Appellant,

vs.

**City of Hialeah,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Armas Bertran Pieri, and J. Alfredo De Armas, Sarah J. Marks, and Eduardo E. Bertran, for appellant.

Gaebe, Mullen, Antonelli & DiMatteo, and Elaine D. Walter and Mark R. Antonelli, for appellee.

Before SALTER, EMAS, and LOGUE, JJ.

LOGUE, J.

Annex Industrial Park, LLC, appeals the trial court's order dismissing its amended third-party complaint against the City of Hialeah and denying its ore tenus motion for leave to amend. We reverse.

Annex owns a parcel of land in Hialeah, Florida, located north of Northwest 138 Street and south of Northwest 142 Street. In the underlying suit, a neighbor sued Annex for trespass. But according to Annex, it was landlocked and the only way to access its land was via the neighbor's property. In its third-party complaint against the City, Annex alleged that it became landlocked after it deeded certain portions of the property to the City, and Miami-Dade County and the City then demolished the bridge that Annex used to access its property. Annex alleged that it transferred the portions of its property in reliance on the City's representations that Annex would be able to access its property by way of a new bridge and road.

The City initially moved to dismiss the lawsuit, but the parties agreed that Annex would amend the third-party complaint. Annex then filed its amended third-party complaint against the City, which included counts for negligent misrepresentation, fraudulent inducement, fraudulent misrepresentation, and inverse condemnation. The City filed a new motion to dismiss. At the hearing on the motion, Annex made an ore tenus motion to amend the amended third-party complaint. However, the trial court dismissed the amended third-party complaint

2

with prejudice "for the reasons set forth within the [City's] . . . Motion to Dismiss,"[1] and it denied the ore tenus motion to amend.

We review the trial court's order denying leave to amend for abuse of discretion. Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014). As set forth in Florida Rule of Civil Procedure 1.190(a), "[l]eave of court [to amend a pleading] shall be given freely when justice so requires." While our courts have recognized that there is no "magic number" as to the number of amendments that should be allowed, under the facts of this case, the trial court should have afforded Annex the opportunity to amend its first amended complaint, particularly in light of the fact that the complaint had been amended only once. "Leave to amend should not be denied unless the privilege has been abused or the complaint is clearly not amendable." Osborne v. Delta Maintenance and Welding, Inc., 365 So. 2d 425, 427 (Fla. 2d DCA 1978). Accordingly, we reverse the trial court's dismissal with prejudice of the amended third-party complaint and remand with instructions that the trial court permit Annex to amend.

Reversed and remanded.

---

[1] The motion to dismiss alleged the following bases for dismissal with prejudice: 1) failure to assert a claim for indemnity, contribution, or subrogation; 2) the Statute of Frauds; 3) failure to state a cause of action and/or statute of limitations; and 4) failure to join an indispensable party, Miami-Dade County.