# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2022.

_____

No. 3D20-630
Lower Tribunal No. 18-37446
_____

**Stephen Hess, et al.,**
Appellants,

vs.

**PMG-S2 Sunny Isles, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Quintana Law Firm, and J. Luis Quintana; Schlesinger Law Group, and Michael J. Schlesinger; Shutts & Bowen LLP, and Julissa Rodriguez, for appellants.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., Josh M. Rubens and Philippe Lieberman; Samson Appellate Law, and Daniel M. Samson, for appellee.

Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

GORDO, J.

## ON MOTION FOR REHEARING

We deny PMG-S2 Sunny Isles, LLC's motion for clarification, rehearing and rehearing en banc, but withdraw our previous opinion, and substitute the following opinion in its stead.

## INTRODUCTION

Stephen Hess, Clearwater Beach Company, LLC, Muse 1901, LLC, Muse 2101, LLC and Muse 2201, LLC appeal a final judgment in favor of PMG-S2 Sunny Isles, LLC. We have jurisdiction. Fla. R. App. P. 9.030(c)(1)(A). We affirm the trial court's order awarding summary judgment in PMG's favor in all regards. We find, however, the trial court erred in not allowing the Muse entities to amend their pleadings regarding calculation of the return of the deposits and therefore remand with instructions to allow amendment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Stephen Hess visited Muse, a condominium located in Miami-Dade being developed by PMG, where he reviewed promotional materials and floor plans for prospective units. Hess, and his company Clearwater, subsequently entered into purchase agreements with PMG for the purchase and sale of three pre-construction condominium units at Muse. Hess paid PMG $6.1 million in deposits for the units.

The terms of the agreements barred assignment and amendment without the consent of PMG and a signed written instrument. Per the agreements, if Hess and Clearwater defaulted, PMG was entitled to terminate the agreements and apply a specific damages clause to calculate PMG's damages. Four subsequent amendments to the agreements were made, and three were sent to Hess and Clearwater. In the first, PMG agreed Hess could assign its interest in the agreements to an affiliated domestic corporate entity. The second detailed modifications regarding an institutional mortgagee. The third only affected future purchasers and was not sent to Hess or Clearwater and the fourth detailed changes to the property management agreement and reflected the unit's final square footage. Neither Hess nor Clearwater sent any written notice to rescind the agreements due to these amendments.

In May 2018, Hess and Clearwater assigned their "rights, title, interests and obligations" under the agreements to Muse 1901, Muse 2101 and Muse 2201 (the "Muse entities").[1] Notice of the assignments were sent to PMG. Closing was scheduled for May 31, 2018, but the Muse entities failed to timely close. In late June, PMG furnished the Muse entities with formal written notice of default and terminated the agreements.

---

[1] All three Muse entities are wholly owned by Hess.

In November 2018, Hess and Clearwater filed a complaint against PMG for recission pursuant to sections 718.202 and 718.506, Florida Statutes, breach of contract and declaratory judgment challenging the enforceability of the default damages clause in the agreements. Following a motion by PMG, the trial court dismissed the declaratory judgment action without prejudice as the issue was not ripe because the units had not been resold.[2] Hess and Clearwater then filed an amended complaint, including the Muse entities as co-plaintiffs and reasserting the claims for recission and breach of contract only. After initial discovery was conducted, both Hess and PMG filed motions for summary judgment.

---

[2] In granting the motion to dismiss the trial court stated:

> THE COURT: What about the fact that it's premature? We're not even there yet. And why should I, in this instance, give you an advisory opinion of how I think it should go assuming that you're not fully compensated pursuant to the contract?
> . . .
> Why don't we make that determination if we determine that there is a breach? In other words, we can litigate the case based upon the other three allegations in the complaint. **If the Court finds that there is a breach, then we can litigate the issue of whether or not when the breach occurred and what damages you are entitled to.**

(emphasis added).

In March 2020, rather than proceeding to trial, the trial court heard argument in support of the cross-motions and granted PMG's motion for summary judgment finding Hess and Clearwater lacked standing and the remaining claims were unsupported. Hess and the Muse entities subsequently filed a motion for reconsideration of the entry of summary judgment and requested to amend their complaint to reassert their previous claim regarding the calculation of the deposits because they learned the issue had recently ripened as PMG resold at least one of the units. The trial court subsequently denied the motion for rehearing and motion to amend, entering final judgment in PMG's favor. This appeal followed.

## LEGAL ANALYSIS

We review the entry of summary judgment de novo. See Volusia Cnty. v. Aberdeen at Ormand Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).[3] We review for abuse of discretion a trial court's denial of leave to amend a pleading. See Jain v. Buchanan Ingersoll & Rooney PC, 322 So. 3d 1201, 1204 (Fla. 3d DCA 2021), reh'g denied (July 27, 2021). We affirm without further discussion the trial court's ruling that PMG was properly entitled to

---

[3] "Where the trial court has adjudicated the summary judgment motion prior to the new rule's May 1, 2021, effective date (as the trial court did in this case), we apply the pre-amendment rule in our review on appeal." De Los Angeles v. Winn-Dixie Stores, Inc., 326 So. 3d 811, 813 (Fla. 3d DCA 2021).

5

summary judgment as a matter of law on the issues raised. We reverse, however, as the Muse entities should have been allowed to amend their pleadings.

Florida Rule of Civil Procedure 1.190(a) requires courts to allow amendment of pleadings which "shall be given freely when justice so requires." This Court has considered some exceptions to this rule, such as abuse of the privilege to amend, futility of the proposed amendment and prejudice to the opposing party. See Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1090 (Fla. 3d DCA 2014) ("A trial court should give leave to amend a deficient complaint unless . . . the complaint shows on its face that there is a deficiency which cannot be cured by amendment." (quoting Unitech Corp. v. Atl. Nat'l Bank of Miami, 472 So. 2d 817, 818 (Fla. 3d DCA 1985))); Annex Indus. Park, LLC v. City of Hialeah, 218 So. 3d 452, 453 (Fla. 3d DCA 2017) ("'Leave to amend should not be denied unless the privilege has been abused or the complaint is clearly not amendable.'" (quoting Osborne v. Delta Maint. and Welding, Inc., 365 So. 2d 425, 427 (Fla. 2d DCA 1978))); Carib Ocean Shipping, Inc. v. Armas, 854 So. 2d 234, 236 (Fla. 3d DCA 2003) (noting "amendments may be denied when there is a sufficient showing of prejudice to the opposing party"); Vella v. Salaues, 290 So. 3d 946, 949 (Fla. 3d DCA 2019) ("'[W]hile the policy in

6

Florida is to liberally allow amendments to pleadings where justice so requires, a trial judge in the exercise of sound discretion may deny further amendments [where the same materially varies from the relief initially sought, or] where a case has progressed to a point that the liberality ordinarily to be indulged has diminished.'" (quoting Alvarez v. DeAguirre, 395 So. 2d 213, 216 (Fla. 3d DCA 1981))).

Importantly, in Jain we found the trial court did not abuse its discretion in denying a plaintiff's motion to amend her pleadings after summary judgment was entered in the defendant's favor where the plaintiff conceded "in her brief that she only sought leave to amend because she saw the 'handwriting on the wall'" and the "proposed amendment would advance new issues that contradict her prior unsuccessful theories." Jain, 322 So. 3d at 1206. This Court determined "[a] party who opposes summary judgment will not be permitted to alter the position of his or her previous pleadings, admissions, affidavits, depositions or testimony in order to defeat a summary judgment." Id.

Here, the Muse entities moved to amend their pleadings after the entry of summary judgment, but the purpose of their amendment was not to advance a new issue or otherwise undermine the trial court's summary judgment liability determination. Rather, the amendment sought to have the

7

deposits distributed consistent with the terms of the default provision following the trial court's determination the purchase agreements were not rescinded.  The Muse entities' motion to amend was consistent with the trial court's position at the hearing on the motion to dismiss, which stated that entitlement to the deposits should be litigated after the issue of breach was determined.[4]

Under the specific facts of this case, where an initial complaint seeking a judicial determination of the disposition of the deposits was filed, the trial court dismissed the count as premature as the application of the default provisions were uncertain and events transpired during the pendency of the action adding Hess's wholly owned Muse entities as parties and rendering the default provisions ripe for enforcement, we conclude it was error not to allow amendment by the Muse entities.

Affirmed in part, reversed in part, and remanded with instructions.

---

[4] We note at oral argument Counsel for PMG contended all $6.1 million of Hess's deposits were necessarily forfeited because any arguments regarding their return would be barred under the doctrine of res judicata.  We express no opinion as to this res judicata argument as it was not before us and to do so would be advisory.  The interests of justice, however, are necessarily implicated here where a party argued all terms of a purchase agreement are enforceable, but now seeks to evade the impact of some provisions and obtain a windfall.  Given that "any doubts should be resolved in favor of the amendment," the Muse entities should have been granted leave to amend their complaint.  Overnight Success Const., Inc. v. Pavarini Const. Co., Inc., 955 So. 2d 658, 659 (Fla. 3d DCA 2007).