465 So.2d 556 (1985)
Frederick KITCHENS and Madeline Kitchens, Husband and Wife, Appellants,
v.
ASOLO STATE THEATRE, INC., and State of Florida, Department of State, Appellees.
No. AW-113.
District Court of Appeal of Florida, First District.
March 7, 1985.
Rehearing Denied April 10, 1985.
*557 Charles J. Cheves of Cheves & Rapkin, Venice, for appellants.
Jim Smith, Atty. Gen., Pamela Lutton-Shields, Asst. Atty. Gen., for appellees.
WENTWORTH, Judge.
Appellants seek review of a final summary judgment entered upon a determination that appellee is immune from suit upon the cause of action alleged. We conclude that appellants should be allowed an opportunity to file an amended complaint, and we therefore reverse the order appealed.
Appellants filed an action for damages resulting from injuries alleged to have occurred while they were patrons in the audience of a theater production at the Asolo State Theater. It was further alleged that the injuries resulted from a fall over a "camouflaged" step which was not visible in the darkened theater. Appellants asserted that appellee was negligent in failing to provide ushers, handrails, lights, or other safety devices, and in utilizing chairs of a type which are a hazard in a theater. Interrogatories, affidavits, and depositions were filed, and it was thereby indicated that another theater patron had sustained a prior fall similar to that alleged in appellants' complaint and had advised theater personnel of the incident. It was also indicated that a state safety official had inspected the theater, noted that the darkened step presents a potential safety hazard, and recommended that warning lights be installed.
Appellee moved for summary judgment, asserting that no negligence in the maintenance of the premises had been shown, and that appellee is otherwise "shielded by sovereign immunity." The court agreed, and in granting summary judgment stated that "the decisions of whether to provide ushers, or handrails and the type of seating in the theater are planning-level functions which are immune from suit."
While appellee may generally be immune from suit for initial staffing and equipment decisions, see Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982), such protection does not extend to a failure to correct or warn of a known dangerous condition which appellee created and which is not readily apparent. See City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); see also Payne v. Broward County, 461 So.2d 63 (Fla. 1984). In the present case there is evidence which might support a determination that appellee failed to warn of such a known dangerous condition. Although appellants' complaint contains no specific allegation in this regard, the action was commenced prior to the Florida Supreme Court's decisions in Neilson, supra, and Collom, supra; we conclude that in the circumstances presented, as in Perez v. Department of Transportation, 435 So.2d 830 (Fla. 1983), appellants should be allowed an opportunity to allege such cause of action in an amended complaint.
Accordingly, the order appealed is reversed and the cause remanded.
ERVIN, C.J., and BOOTH, J., concur.