476 So.2d 216 (1985)
SARASOTA COUNTY, Florida, a Corporate Body Politic, Appellant,
v.
Margaret E. BUTLER, As Personal Representative of the Estate of Henry Lee Sanders, a Minor, Appellee.
No. 84-2532.
District Court of Appeal of Florida, Second District.
July 26, 1985.
Rehearing Denied October 8, 1985.
Robert C. Widman of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellant.
John P. Graves, Jr. of John P. Graves, Jr., Chartered, Sarasota, for appellee.
FRANK, Judge.
Sarasota County, Florida, has appealed from a jury verdict awarding $87,500 to the appellee, Margaret Butler, as a result of the drowning death of her 9 year old son at the South Lido Beach located in that county. It urges five points on appeal. The question we have resolved makes it unnecessary to reach the remaining four. We reverse on the ground that the record in this matter discloses that Sarasota County is insulated from liability under the doctrine of sovereign immunity.
On June 10, 1981, the decedent, in the company of his aunt and seven other young children, went to the South Lido Beach. The aunt delegated supervision of the children to one in the group who was twelve years old. Two of the children attempted to pull the decedent from the water but they halted that effort when told he could swim. He drowned and his body was recovered the next day. The record indicates that the tides and currents were strong and *217 the underlying lands contained drop-offs. The complaint alleged that Sarasota County was negligent because it failed to post warning signs or other warning devices alerting beach-goers to the dangerous conditions, failed to provide lifeguards or other protection and failed to provide safety or rescue equipment to be used in emergencies. Such omissions were alleged as the proximate cause of the decedent's death.
The test, composed of three conjoined parts, to be followed in a matter of this kind is whether the governmental entity created the dangerous condition, knew it to be dangerous and that such danger was not readily apparent to those persons who might sustain injury as a result of it. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); Barrera v. State of Florida, Department of Transportation, 470 So.2d 750 (Fla. 3d DCA 1985). One of the elements critical to stripping away the shield of sovereign immunity is missing in the matter at hand, i.e. the creation by Sarasota County of the dangerous condition. The hazardous nature of the waters which might exist at the South Lido Beach cannot be attributed to Sarasota County. That condition, based upon the present record, pre-existed Sarasota County's assumption of proprietary dominion over the beach. There is no claim pleaded nor was one tried upon a theory that Sarasota County by, for example, dredging or other action generated the undercurrents, the drop-offs or the tides associated with the waters adjacent to the beach. Although the appellee's claim is eviscerated by the absence of the "creation" factor, she attempts to avoid that result first, in the complaint, by pointing to three acts of omission on the part of Sarasota County in the improvement and maintenance of the beach and, then, at oral argument, by urging that Sarasota County rendered the beach fit for use by the public. Neither the pleaded nor the argued theory will sustain the judgment. The presence or non-presence of warning signs or other devices, lifeguards or other type of protection, or rescue or safety equipment falls wholly within the concept of a "judgmental, planning-level function," immune from consequential liability, in contrast to an "operational-level" activity which can result in the loss of such immunity. Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Whatever knowledge Sarasota County may have had with respect to the waters at South Lido Beach, its determinations, for whatever reasons, relative to the three pleaded categories of negligent deficiency immunize it from liability. City of St. Petersburg. It is equally plain that Sarasota County's decision to establish the beach through improvements and maintenance, thus inviting the public to make use of it, was no less within its "judgmental, planning-level" function. It was neither the beach nor the operation of it, but the water, which caused the child's death. Cf. Hill v. City of Lakeland, 466 So.2d 1231 (Fla. 2d DCA 1985) ("a naturally occurring, potentially hazardous condition which the City did nothing to create"). There is nothing before us to suggest, let alone to establish, that Sarasota County failed to fulfill an operational-level duty.
Finally, the appellee signals our attention to Greene v. State, 465 So.2d 560 (Fla. 1st DCA 1985), and Kitchens v. Asolo State Theater, Inc., et al., 465 So.2d 556 (Fla. 1st DCA 1985), in support of the judgment. Greene and Kitchens are inapplicable to the instant matter. In each of those cases, in contrast to the present matter, the cause of the injury was created by governmental action and the plaintiffs were simply accorded an opportunity to re-plead their claims so as to bring them within the remaining two Neilson-Collom criteria.
Accordingly, we reverse and remand with direction that judgment be entered for Sarasota County.
GRIMES, A.C.J., and HALL, J., concur.