489 So.2d 126 (1986)
Jacqueline M. CUTLER, As Legal Representative of the Estate of Linda K. Cutler, Deceased, Appellant,
v.
The CITY OF JACKSONVILLE BEACH, Appellee.
No. BI-253.
District Court of Appeal of Florida, First District.
May 22, 1986.
*127 Hugh M. Davenport of Smith, Davenport, Bloom & Harden, Jacksonville, for appellant.
Samuel H. Lanier of Coker, Myers & Schickel, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
Plaintiff below appeals a final order dismissing with prejudice her second amended complaint against the City of Jacksonville Beach. She sued the city and St. John's United Methodist Church of Edwardsville, Illinois, for negligently causing the death of her daughter, who drowned while swimming off Jacksonville Beach in the Atlantic Ocean. Pertinent portions of the complaint against the city alleged:
4. Defendant City at all times material hereto had undertaken to provide a beach patrol and to provide or arrange for providing lifeguards to protect members of the public who swim in the Atlantic Ocean in Jacksonville Beach. Defendant City advertised or subsidized advertising by others extolling the virtues of Jacksonville Beaches and inviting and attracting persons from inland areas unfamiliar with the dangers of the Atlantic Ocean to visit Jacksonville Beach and swim in the ocean. Defendant City had superior knowledge of the dangers and hazards of swimming in the ocean than did plaintiff's decedent, a seventeen year old who had grown up in an inland area and never visited the ocean before. Moreover, defendant City, by providing lifeguards and visible lifeguard chairs and stands, caused visitors to believe that lifeguards were on duty to protect swimmers and, therefore, to rely on that protection.
5. On or about August 3, 1983, at approximately 10:00 A.M., in Jacksonville Beach, Florida, while plaintiff's decedent, age seventeen, was a member of a church organized and sponsored trip from Edwardsville, Illinois, to Jacksonville Beach, Florida, she went swimming in the Atlantic Ocean between 10th Avenue South and the Jacksonville Beach Fishing Pier and drowned.
6. The drowning was the result of the negligence of defendant City or defendant St. John's, or both of them, in the following particulars:
(a) Defendant City failed to adequately warn of known dangerous currents and the known danger of swimming near the fishing pier, which dangers were unknown to plaintiff's decedent;
(b) Defendant City failed to adequately warn plaintiff's decedent that no lifeguards or beach patrol were on duty at the time or in the alternative the lifeguards or beach patrol that were on duty failed to adequately supervise and monitor the area in which plaintiff's decedent was swimming when she drowned;
(c) Defendant City failed to provide an adequate number of lifeguards or beach patrol to properly monitor the area in which plaintiff's decedent was swimming when she drowned... .
The trial court dismissed the complaint with leave to further amend, but on rehearing determined to dismiss the action with prejudice on the authority of Sarasota County v. Butler, 476 So.2d 216 (Fla. 2d DCA 1985).[1] We construe the appealed order as meaning that all issues raised by the complaint are effectively disposed of by that decision.
We agree that all allegations of negligence on the part of defendant city, save one, were correctly dismissed with prejudice. The allegations of failure to warn of dangers not created by the city and the failure to provide an adequate number of lifeguards are barred by the doctrine of sovereign immunity. Sarasota County v. Butler, 476 So.2d 216. We find it unnecessary to add to Judge Frank's cogent discussion in that case.
*128 Appellant's citation to Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1985), is not authority for her cause of action for failure to warn. That case is distinguishable because the City of Daytona Beach created the dangerous condition complained of by permitting automobile traffic on the beach where sunbathers were expected to lie in the sun. We have no difficulty with the notion that the city, having created this dangerous condition, had a correlative duty to exercise due care for the sunbathers on the beach and to warn them of this known dangerous condition. The City of Jacksonville Beach, on the other hand, did not create the alleged dangerous conditions in the ocean which caused decedent to drown. Hence, under Sarasota County v. Butler, City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982), and Palumbo v. Game and Freshwater Fish Comm'n, 487 So.2d 352 (Fla. 1st DCA 1986), the city had no duty to warn.
Appellant's complaint also undertakes to allege, however, that the Defendant city is legally responsible for acts of negligence on the part of the lifeguards or members of the beach patrol on duty at the time the drowning occurred. Such allegations concern acts at an operational level, which, if otherwise legally sufficient, are not barred by sovereign immunity as discussed and applied in Sarasota County v. Butler. See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). We conclude, however, that the mere allegation that lifeguards on duty "failed to adequately supervise and monitor the area" in which decedent drowned are not sufficient, in the absence of other allegations of specific fact, to state a cause of action against the city. There are simply no allegations to identify the particular operational-level acts of the lifeguards being relied on, nor do the allegations show how those acts are causally related to the drowning of decedent. The pleading of mere conclusions is insufficient. Banta v. Rosier, 399 So.2d 444 (Fla. 5th DCA 1981). For this reason, we find no error in the trial court's having dismissed this negligence count against the city.
The trial court had originally dismissed with leave to amend and thereafter erroneously dismissed the entire action with prejudice solely on the authority of Butler. Since we cannot say with certainty that appellant is unable to allege further facts stating a cause of action against the city for operational negligence, we hold, in the interest of justice, that the dismissal of this claim with prejudice should be reversed. Banta v. Rosier, 399 So.2d 444. Therefore, we remand for further amendment by plaintiff, if she so elects, to allege a cause of action solely on the basis of negligent acts of the lifeguards or beach patrol actually on duty showing the specific operational-level acts complained of and how such acts are causally related to the alleged drowning.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] This case is presently pending before the Florida Supreme Court, Butler v. Sarasota County, Case No. 67,869, and oral argument is set for September 9, 1986.