PER CURIAM.
Subsequent to the trial court’s grant of a summary judgment in favor of appellee, the Supreme Court of Florida decided Avallone v. Board of County Commissioners, 493 So.2d 1002 (Fla.1986), which states that a governmental entity assumes an obligation to exercise reasonable care when it invites the public to use its facility. Disapproving Sarasota County v. Butler, 476 So.2d 216 (Fla. 2d DCA 1985), Jenkins v. City of Miami Beach, 389 So.2d 1195 (Fla. 3d DCA 1980), and Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), the court observed:
*985 [a] government unit has the discretionary authority to operate or not operate swimming facilities and is immune from suit on that discretionary question. However, once the unit decides to operate the swimming facility, it assumes the common law duty to operate the facility safely, just as a private individual is obligated under like circumstances.
Avallone, 493 So.2d at 1005.
Finding that Avallone applies to this case, we reverse the trial court’s bar of appellant’s action for injuries she sustained during an attack while she visited the Village of Miami Shores Country Club and remand the cause for further proceedings.
Reversed and remanded.