PER CURIAM.
This is an appeal from a final judgment dismissing an action for wrongful death predicated upon the alleged negligence of the appellee, South Florida Water Management District, in failing to remove an obstruction from a canal which the appellee allegedly had the non-delegable duty to maintain. The trial court dismissed the action upon the District’s claim that it enjoyed sovereign immunity with reference to its involvement with the canal in question. We reverse.
Our reversal is predicated not on our conclusion that the District is not immune from liability but rather upon the undeveloped state of the record on this issue. The complaint alleges that the District is lawfully responsible for maintaining the canal free of navigational obstructions and that, notwithstanding that responsibility, the District, in the face of numerous complaints over a period of several weeks, allowed a large log to obstruct boat traffic in the canal. The complaint further alleged that the failure to remove the log resulted in the nighttime boating accident which killed Joseph Grim. All we have before us is the complaint. In our view that complaint states a cause of action by alleging in essence that the District failed to correct a dangerous condition that it knew about and had a non-delegable duty to correct. Cf. Cutler v. City of Jacksonville Beach, 489 So.2d 126 (Fla. 1st DCA 1986). Whether or not those allegations can be proven or the District can establish proof supporting its claim of sovereign immunity, we cannot say.
Accordingly, the judgment of dismissal is reversed with directions for further proceedings in accord herewith.
DOWNEY and ANSTEAD, JJ., and WILLIS, BEN C., Associate Judge (Retired), concur.