DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BROWARD COUNTY,**
Appellant,

v.

**CHRISTINA MANARITE,** individually and on behalf of
**GIOVANNI MANARITE,** a minor child, **ALBERTO CASTRO,**
**CENTRAL BROWARD WATER CONTROL DISTRICT,**
**WASTE MANAGEMENT INC. OF FLORIDA**
d/b/a **WASTE MANAGEMENT,** and **TOWN OF DAVIE,**
Appellees.

No. 4D21-2328

[February 2, 2022]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE21-002739.

Andrew J. Meyers, County Attorney, and Joseph K. Jarone, Assistant County Attorney, Fort Lauderdale, for appellant.

Mervin L. Ford of Mervin L. Ford, P.A., Miami, for appellee Christina Manarite.

GERBER, J.

The county appeals from the circuit court's nonfinal order denying the county's "Motion to Dismiss the Amended Complaint Based Upon Sovereign Immunity for Discretionary Functions." The county argues the circuit court erred in denying the county's motion where the plaintiff's amended complaint: (1) alleged the county was negligent in its discretionary planning-level functions; and (2) did not allege the county created the alleged known dangerous condition which was the subject of the plaintiff's action.

We agree with the county's arguments. We reverse the circuit court's order, and remand for the circuit court to enter a final order granting the county's motion to dismiss and dismissing the county from the action with prejudice.

### A. The Plaintiff's Amended Complaint

The plaintiff's amended complaint contained the following general allegations. In 2018, the plaintiff's minor child was riding a bicycle on a path along a major street in the Town of Davie when the child approached a work site being maintained by an independent water control district. At the work site, a waste company's dumpsters had been placed in the bike path, causing the child to leave the bike path and travel on the street. The child was then struck by a vehicle driving down the street. As a result, the child suffered severe and permanent injuries.

The plaintiff's amended complaint alleged separate negligence counts against the vehicle's driver, the waste company, the water control district, the town, and the county. The plaintiff's specific allegations against the county were as follows:

72. On the date of the accident[,] [the county] was responsible for monitoring worksites within its boundaries and assuring that all safety measures are taken in accordance with town and county ordinances.

73. [The county] negligently failed to assure that all safety guidelines [were] put in place to protect citizens when public rights of way are affected.

74. [The county's] negligent supervision contributed to creating a dangerous environment that ultimately led to the subject accident that led to the severe permanent injuries suffered by [the child].

....

76. The [c]ounty knew or should have known of the work being conducted within its county limits.

77. ... [A]s per *City of St. Petersburg v. Collom*, [419 So. 2d 1082 (Fla. 1982),] ... [the county] owed a duty to protect the public against known dangers or hazards.

78. [The county] breached its duty by failing to protect the public against the foreseeable hazard created by the

2

worksite and work being conducted within its boundaries.

79. [The county's] breach was a proximate cause that led to the severe and permanent injuries suffered by [the child].

80. The negligence of … [the county] consisted of the following:

   [a.] Negligently failing to assure that traffic was redirected due to the blockage of the pedestrian walkway.

   [b.] Negligently failing to assure the use [of] traffic control devices given that a pedestrian walkway was blocked because of its work.

   [c.] Negligently failing [to] assure that additional workers were on site to spot and[/]or direct traffic and pedestrians.

   [d.] Negligently failing to assure that precautions were taken to avoid foreseeable injuries to pedestrians using the subject right of way.

(paragraph 80's subparagraph enumeration corrected).

## B. The County's Motion to Dismiss and the Circuit Court's Ruling

The county filed a "Motion to Dismiss the Amended Complaint Based Upon Sovereign Immunity for Discretionary Functions" with an incorporated memorandum of law. The county pertinently argued:

> The [county] is not alleged to have been physically present at the location of the worksite and accident, nor actively participating in the … operations. The [c]ounty is not alleged to have interacted with the plaintiff, the other defendants, or otherwise undertook some operational level action(s) involving the "project" or the "worksite." Rather, all of the negligence allegations directed toward the [county] are in the form of "failures" to act.

> These allegations can be fairly characterized as claiming the [c]ounty was negligent because it was not there and did

3

not involve itself in the project to ensure regulations were followed. The [p]laintiff is attempting to attach liability to the [c]ounty based upon a theory that the [c]ounty's failure to enforce unspecified regulations over the defendants who were actively involved in the project, states a cognizable cause of action. The [county] owed no duty of care specifically or personal to the [p]laintiff as a matter of clearly established and longstanding Sovereign Immunity law. This case must be dismissed with prejudice because the only duties here are duties owed to the public as a whole. The [county] is also sovereignly immune from suit for failing to enforce, or police the unspecified regulations of paragraph 80 of the complaint.

...

[T]he "failures" or omissions alleged against the county are all discretionary functions for which the [c]ounty is sovereignly immune from suit. The issue of whether the [c]ounty could be liable for its failure to enforce laws, ordinances or regulations as framed in the complaint ... has been conclusively determined in the negative by the Florida Supreme Court in the case of *Trianon Park Condo. Assoc. v. City of Hialeah*, 468 So. 2d 912, 918 (Fla. 1985) (finding that "certain discretionary functions of government are inherent in the act of governing and are immune from suit["]).

After a hearing, the circuit court orally denied the county's motion to dismiss, reasoning, "I reviewed ... the amended complaint, and I do find the allegations sufficient. They were sufficiently pled. The arguments raised by the county ... are great for a summary judgment but not at this stage of litigation."

After the circuit court's oral ruling, the following discussion occurred between the county's attorney and the circuit court:

COUNTY ATTORNEY: Judge, I'm going to prepare the order and I just want to make sure that I correctly reflected your ruling. The Court is ... finding that the county is not entitled to sovereign immunity at this juncture and the motion is therefore denied ...?

COURT: Motion is denied, the allegations in the amended complaint are sufficiently pled ....

4

COUNTY ATTORNEY: And what [t]he Court finding is that the county is not entitled to sovereign immunity at this juncture.

COURT: ... I didn't say that.

COUNTY ATTORNEY: ... Judge, I need the record to reflect directly if ... [you] denied our motion on sovereign immunity grounds because it's an appealable issue.

....

COURT: The motion is denied for the reason stated on the record, sir. Thank you.

The circuit court later entered a written order stating it had denied the county's motion to dismiss for the reasons stated on the record.

### *C. This Appeal*

This appeal followed. The county argues the circuit court erred in denying the county's sovereign immunity-based motion to dismiss where the plaintiff's amended complaint: (1) alleged the county was negligent in its discretionary planning-level functions; and (2) did not allege the county created the alleged known dangerous condition which was the subject of the plaintiff's action.

The plaintiff raises three responses: (1) the county did not preserve any alleged error because the county's motion to dismiss primarily argued the county owed no duty to the child, and "only briefly mention[ed] how sovereign immunity may apply"; (2) even if the county raised a sovereign immunity argument, the circuit court's nonfinal order denying the county's motion to dismiss was not appealable under Florida Rule of Appellate Procedure 9.130, because the circuit court's ruling did not address the county's sovereign immunity argument; and (3) the circuit court properly did not address the county's sovereign immunity argument because such an argument, when raised in a motion to dismiss, was premature.

We agree with the county's arguments. We address the county's arguments and the plaintiff's responses in turn.

***1. The plaintiff's amended complaint alleged the county was
negligent in its discretionary planning-level functions, thus
entitling the county to sovereign immunity.***

Section 768.28, Florida Statutes (2018), partially waives a
governmental entity's sovereign immunity for tort actions. However, as
our supreme court has held, this limited waiver applies only to the
governmental entity's operational functions, not the governmental entity's
discretionary planning-level functions:

> The separation-of-powers provision present in article II,
> section 3 of the Florida Constitution requires that certain
> quasi-legislative policy-making, planning or judgmental
> governmental functions cannot be the subject of traditional
> tort liability. On the other hand, decisions made at the
> operational level—decisions or actions implementing policy,
> planning, or judgmental governmental functions—generally
> do not enjoy sovereign immunity. Planning level functions are
> generally interpreted to be those requiring basic policy
> decisions, while operational level functions are those that
> implement policy.

*Sch. Bd. of Broward Cnty. v. McCall*, 322 So. 3d 655, 657 (Fla. 4th DCA
2021) (internal citations, brackets, and quotation marks omitted); *see also
Com. Carrier Corp. v. Indian River Cnty.*, 371 So. 2d 1010, 1022 (Fla. 1979)
(a governmental entity's discretionary functions "may not be subjected to
scrutiny by judge or jury as to the wisdom of their performance").

Accordingly, to overcome the county's sovereign immunity, a complaint
must allege "acts at an operational level." *Cutler v. City of Jacksonville
Beach*, 489 So. 2d 126, 128 (Fla. 1st DCA 1986). However, where a
complaint pleads matters that implicate only the "planning level of
decision-making," *Banta v. Rosier*, 399 So. 2d 444, 445 (Fla. 5th DCA
1981), the complaint cannot survive a motion to dismiss.

Here, the plaintiff's amended complaint implicated only the county's
discretionary planning-level functions, and therefore the amended
complaint should not have survived the county's motion to dismiss.

The amended complaint's paragraphs 80.a. and 80.b. respectively
alleged the county negligently failed to "assure that traffic was redirected
due to the blockage of the pedestrian walkway" and "assure the use [of]
traffic control devices given that a pedestrian walkway was blocked

6

because of its work." However, in *Department of Transportation v. Neilson*, 419 So. 2d 1071 (Fla. 1982), our supreme court held: "[D]ecisions relating to the installation of appropriate traffic control methods and devices ... are discretionary decisions which implement the entity's police power and are judgmental, planning-level functions." *Id.* at 1077. The *Neilson* court also held a governmental entity cannot be liable for its failure to "upgrade and reconstruct the intersection and install additional traffic control devices to meet present needs." *Id.* at 1078. Thus, the county's decisions not to redirect traffic or require traffic control devices at the worksite were discretionary planning-level functions which cannot subject the county to tort liability.

The amended complaint's paragraphs 72, 73, and 80.d. respectively alleged the county negligently failed to "assur[e] that all safety measures [were] taken in accordance with town and county ordinances," "assure that all safety guidelines [were] put in place to protect citizens when public rights of way are affected," and "assure that precautions were taken to avoid foreseeable injuries to pedestrians using the subject right of way." However, in *Carter v. City of Stuart*, 468 So. 2d 955 (Fla. 1985), our supreme court held these types of alleged omissions also are discretionary: "The amount of resources and personnel to be committed to the enforcement of [an] ordinance was a policy decision of the [governmental entity]. The [governmental entity] has the right to set its priorities in reference to law enforcement." *Id.* at 957; *see also Trianon Park Condo. Ass'n v. City of Hialeah*, 468 So. 2d 912, 919 (Fla. 1985) (city's decision whether "to enforce compliance with the law, as well as the authority to protect the public safety" was a matter of "discretionary power" and "a matter of governance"). Thus, the county's decisions whether to enforce compliance with the law at locations like the worksite were discretionary planning-level functions which cannot subject the county to tort liability.

The amended complaint's paragraphs 74 and 80.c. respectively alleged the county's "negligent supervision contributed to creating a dangerous environment that ultimately led to the subject accident," and the county negligently failed to "assure that additional workers were on site to spot and[/]or direct traffic and pedestrians." However, in *McCall*, we held that a governmental entity could not be liable for failing to require adequate security because the development of a security plan is a discretionary, planning-level function. *McCall*, 322 So. 3d at 659; *see also Delgado v. City of Miami Beach*, 518 So. 2d 968, 969 (Fla. 3d DCA 1988) ("The manner in which a city, through its police officers, exercises discretionary authority to enforce compliance with the laws and protect the public safety, falls squarely within the city's power to govern."); *Sanchez v. Miami-Dade Cnty.*,

245 So. 3d 933, 938 (Fla. 3d DCA 2018) ("The decisions of the County regarding where and how to deploy its available manpower (sworn police officers) is a discretionary or planning function."). Thus, the county's decisions not to supervise the worksite or require additional workers or police to direct traffic and pedestrians at the worksite were discretionary planning-level functions which cannot subject the county to tort liability.

**2. *The plaintiff's amended complaint did not allege the county created the alleged known dangerous condition which was the subject of the plaintiff's action, thus the county did not lose its sovereign immunity.***

In the case cited within paragraphs 76-79 of the amended complaint's count against the county, *City of St. Petersburg v. Collom*, 419 So. 2d 1082 (Fla. 1982), our supreme court's complete holding was that "when a governmental entity <u>creates</u> a *known* dangerous condition," that creation gives rise to the operational duty to "warn the public of, or protect the public from, the known danger." *Id.* at 1083 (underlining added). The *Collom* court reasoned "it is only logical and reasonable to treat the failure to warn or correct a known danger created by government as negligence at the operational level." *Id.* at 1086; *see also Marion v. City of Boca Raton*, 47 So. 3d 334, 337 (Fla. 4th DCA 2010) (interpreting *Collom* and *Neilson* to say that "the government has both a duty to warn of dangerous conditions <u>created by it</u>, as well as the duty to properly maintain *existing* traffic control devices") (underlining added).

Following *Collom*, we and our sister courts also have held governmental entities did not lose their sovereign immunity against tort liability where the governmental entities did not create the known danger. *See Orlando v. Broward Cnty., Fla.*, 920 So. 2d 54, 58 (Fla. 4th DCA 2005) (school board had sovereign immunity, even where it knew of hazardous walking routes and children's deaths surrounding a school, because, among other reasons, the school board "did not create the dangerous condition"); *Cutler*, 489 So. 2d at 127-28 (city had sovereign immunity from suit alleging the city failed to provide sufficient lifeguards at a beach location where a child drowned because the city did not create the dangerous condition which caused the child to drown); *Barrera v. State Dep't of Transp.*, 470 So. 2d 750, 751-52 (Fla. 3d DCA 1985) (Department of Transportation had sovereign immunity from suit arising from a truck's collision with a low-clearance bridge where the Department did not design or build the bridge).

Like the cases cited above, here the amended complaint's paragraphs 75-79 failed to allege the county created the alleged known, dangerous

condition at the worksite. Thus, the county cannot be subject to tort liability for its alleged failure to warn of or correct that danger.

### 3. *The plaintiff's responses lack merit.*

The plaintiff's first response, that the county did not preserve any alleged error because the county's motion to dismiss primarily argued the county owed no duty to the child, and "only briefly mention[ed] how sovereign immunity may apply," lacks merit. As can be seen from our excerpt of the county's motion to dismiss (see section B above), although the county argued it owed no duty to the child, the county equally argued that sovereign immunity applied. Even if the county had designated the duty argument as its "primary" argument and the sovereign immunity argument as "secondary" (which it did not, nor was it required to), the county's sovereign immunity argument in its motion to dismiss was as specific as necessary to preserve that argument for appeal. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("[T]o be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.") (citation and quotation marks omitted).

The plaintiff's second response, that the circuit court's nonfinal order denying the county's motion to dismiss is not appealable under Florida Rule of Appellate Procedure 9.130 because the circuit court's ruling did not address the county's sovereign immunity argument, also lacks merit. Rule 9.130's pre-January 23, 2020 version permitted an appeal of a nonfinal order which "determine[d] … that, as a matter of law, a party [was] not entitled to [sovereign] immunity under section 768.28(9), Florida Statutes." Fla. R. App. P. 9.130(a)(3)(C)(x) (2019). However, on January 23, 2020, which preceded the county's appeal here, our supreme court replaced rule 9.130(a)(3)(C)(x) with rule 9.130(a)(3)(F)(iii), to permit an appeal of a nonfinal order which "den[ied] a motion that … assert[ed] entitlement to sovereign immunity." Fla. R. App. P. 9.130(a)(3)(F)(iii). The supreme court reasoned former rule 9.130(a)(3)(C)(x) "insufficiently protect[ed] the public and governmental interests served by sovereign immunity" because it relied "too heavily on the trial court's articulation of what it has decided." *Fla. Hwy. Patrol v. Jackson*, 288 So. 3d 1179, 1186 (Fla. 2020). Instead, the newly-created rule 9.130(a)(3)(F)(iii) refocuses an appellate court's jurisdictional inquiry "not on the challenged order, but rather on the motion that the order adjudicates." *City of Sweetwater v. Pichardo*, 314 So. 3d 540, 542 (Fla. 3d DCA 2020).

Thus, here, the circuit court's decision not to address the county's sovereign immunity argument when it denied the county's motion to dismiss was jurisdictionally irrelevant. Instead, we have focused on whether the county's motion to dismiss "asserted entitlement to sovereign immunity." Fla. R. App. P. 9.130(a)(3)(F)(iii). As stated above, the county's motion sufficiently asserted such entitlement.

The plaintiff's third response, that the circuit court properly did not address the county's sovereign immunity argument because such an argument, when raised in a motion to dismiss, was premature, also lacks merit. Rule 9.130(a)(3)(F)(iii), on its face, does not limit the scope of sovereign immunity-based motions from which an appeal may be taken. Thus, the county's motion to dismiss asserting entitlement to sovereign immunity was not premature.

## *Conclusion*

Based on the foregoing, we reverse the circuit court's nonfinal order denying the county's motion to dismiss, and remand for the circuit court to enter a final order granting the county's motion to dismiss and dismissing the county from the underlying action with prejudice.

*Reversed and remanded with instructions.*

MAY and ARTAU, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**